CHAREESE N. NEW, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 49A05-0604-CR-210
Court of Appeals of Indiana.
December 6, 2006.
BARBARA J. SIMMONS, Batesville, Indiana, ATTORNEYFOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, ELLEN H. MEILAENDER, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
BARNES, Judge.

Case Summary
Chareese New appeals her conviction for Class B misdemeanor disorderly conduct. We affirm.

Issues
New raises two issues, which we restate as:
I. whether there is sufficient evidence to support her conviction; and
II. whether her conviction violates Article 1, Section 9 of the Indiana Constitution.

Facts
On August 18, 2005 Indianapolis Police Officer Jeffery Karwoski responded to a report of a disturbance at a residence on Adams Street in Marion County. When Karwoski arrived on the scene, New was sitting on the front steps laughing. Karwoski asked why the police had been called, and New responded that she had broken several windows in the house during an argument with her boyfriend, Dennis Mays. Mays was standing in the doorway, and as he began to explain the incident to Officer Karwoski, New raised her voice at Mays and used obscenities when she told him to call the landlord or she would break more windows. At that time, neighboring children came out of their houses and gathered around a fence near the house. Officer Karwoski and Mays went inside, where they could hear New continue to yell. Officer Karwoski went back outside and told New to be quiet.
At that point, Officer Laura Smith arrived and spoke with New. Officer Smith asked New to be quiet, and New responded, "she did not have to be quiet for anybody." Tr. p. 12. New continued to create a scene, called Mays more names, and was "pretty loud." Id. at 13.
Officer Karwoski asked New for identification, and she refused. Mays indicated that New's identification was in the house. As Officer Karwoski and Mays went into the house for the identification, New yelled at Mays not to give Officer Karwoski the identification.
On August 22, 2005, the State charged New with Class B misdemeanor criminal mischief and Class B misdemeanor disorderly conduct. At the conclusion of a bench trial, the State asked that New be found not guilty of the criminal mischief charge because she was on the lease of the house and had made restitution. The trial court found New guilty of disorderly conduct. New now appeals.

Analysis

I. Sufficiency of the Evidence
New first argues that there is insufficient evidence to support the disorderly conduct conviction. When faced with a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses, and we respect the jury's exclusive province to weigh conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We must consider only the probative evidence and reasonable inferences supporting the verdict. Id. If the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, we must affirm. Id.
To prove disorderly conduct, the State was required to show that New recklessly, knowingly, or intentionally made unreasonable noise and continued to do so after being asked to stop. See Ind. Code § 35-45-1-3. New concedes that she made noise after being asked to stop. She argues, however, that her outbursts were not unreasonable under the circumstances because she was protesting after Officer Karwoski handcuffed her and entered her house to search for her identification. To the contrary, New began to yell at Mays and use obscenities shortly after Officer Karwoski arrivedwell before she was asked for identification or handcuffed. Officer Karwoski, who could hear New from inside the house, asked her to be quiet at least twice, and Officer Smith asked her to be quiet several more times. It was after this that Officer Karwoski asked New to identify herself and she refused.
Moreover, based on New's own testimony it does not appear that she was objecting to Officer Karwoski's actions but was instead directing Mays not to give Officer Karwoski her identification. New testified that after Officer Karwoski and Mays entered the house to obtain the identification she yelled twice, telling Mays not to give Officer Karwoski her identification. See id. at 24. She also testified that she was not angry that Officer Karwoski was in the house looking for her identification. See id. New's behavior was not reasonable under the circumstances.
New also argues that her "outburst produced no harm beyond a fleeting annoyance." Appellant's Br. p. 7 (citing Price v. State, 622 N.E.2d 954, 964 (Ind. 1993) ("Nonetheless, the law does not deal in trifles and mere annoyance or inconvenience is not sufficient.")). This argument also fails. Officer Karwoski testified that children came out and gathered at the nearby fence after he arrived and New yelled at Mays. Officer Karwoski also testified that neither he nor Officer Smith arrived on the scene with their lights or sirens activated. New's arguments that it was the presence of the police officers that attracted the neighbors, that people were outside because it was a warm summer afternoon, that the house was located in a commercial area, and that she did not interfere with a police investigation are simply requests to reweigh the evidence. We must decline these requests. There is sufficient evidence to support New's conviction.

II. Article 1, Section 9
New also contends that her conviction violations Article 1, Section 9 of the Indiana Constitution, which provides:
No law shall be passed, restraining the free interchange of thought and opinion, or restricting the right to speak, write, or print, freely, on any subject whatever: but for the abuse of that right, every person shall be responsible.
When reviewing whether the state has violated Article 1, Section 9, we first must determine whether state action has restricted a person's expressive activity. Wells v. State, 848 N.E.2d 1133, 1148 (Ind. Ct. App. 2006), trans. denied. New's conviction for disorderly conduct satisfies this first requirement. See id. We must then decide if the restricted activity constituted an "abuse" of the right to speak. Id. Ordinarily, we are only required to find the State's determination of an abuse to be rational. Id. "If, however, a claimant is able to show that the expressive activity was `political,' the State must demonstrate that it did not `materially burden' the claimant's opportunity to engage in political expression." Id. (citation omitted).
"Expressive activity is political if its point is to comment on government action, including criticizing the conduct of an official acting under color of law." Id. Expression is not political where it focuses on the conduct of a private party, including the speaker. Id. "Courts judge the nature of expression by an objective standard, and the burden is on the claimant to demonstrate that his or her expression would have been understood as political." Id. If the expression, when viewed in context, is ambiguous, we should find that the claimant has not established that it was political and should evaluate the constitutionality of any state-imposed restriction of the expression under standard rationality review. Id.
New argues that her outbursts were political speech because she was "lodging a complaint against police conduct." Appellant's Br. p. 10. She contends that her expression was focused on the officer attempting to obtain her identification. New's outbursts began well before Officer Karwoski requested New's identification. Further, New's outbursts were directed primarily toward Mays. Although Officer Karwoski testified when he asked New to be quiet she would direct her attention toward him, "but then just immediately go back to Mr. Mays." Tr. p. 14. Even after Officer Karwoski attempted to obtain New's identification, her outbursts were directed toward Mays. In fact, she testified that she told Mays not to give Officer Karwoski her identification and that she was not angry that Officer Karwoski was in the house looking for her identification.
We are not convinced that New's outbursts were political speech and review the constitutionality of her conviction for disorderly conduct under the rationality review. Wells, 848 N.E.2d at 1150. A conviction for disorderly conduct that does not involve political speech is constitutional if it is reasonable to conclude that the speech was an abuse of the right to speak or was a threat to peace, safety, and well-being. Id. New's speech met this standard. New's outbursts included obscenities directed toward Mays and caused children to gather nearby. They posed a threat to peace, safety, and well-being. See id. Her conviction does not violate Article 1, Section 9 of the Indiana Constitution.

Conclusion
There is sufficient evidence to sustain the disorderly conduction conviction, and the conviction does not violation Article 1, Section 9 of the Indiana Constitution. We affirm.
Affirmed.
SULLIVAN, J., and ROBB, J., concur.