**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jun 18 2012, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN PERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1111-CR-575 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark H. Rogers, Judge
Cause No. 49G17-1106-FD-45993

**June 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Kevin Perry beat and bruised Trisha Parish and wrecked her car. The trial court found Perry guilty of class A misdemeanor battery. On appeal, Perry challenges the sufficiency of evidence to support his conviction, claiming that the testimony of Parish, his ex-girlfriend, was incredibly dubious. We affirm.

## Facts and Procedural History

Around 3:30 a.m. on June 24, 2011, Parish was visiting her cousin when she began receiving phone calls from Perry. After receiving several calls Parish answered, and Perry told her to come to her home because he was waiting for her there. When Parish returned, Perry told her to give his friend a ride to 42nd Street and Arlington Avenue in Indianapolis; when she refused, he slapped her. Perry, Parish, and Perry's friend subsequently entered Parish's car, and she began driving toward 42nd Street and Arlington Avenue. While in the car, Perry threw soda pop on Parish and struck her in the face several times. After Parish dropped Perry's friend off, Perry forced Parish to get into the passenger seat while he drove, and he continued striking her. Perry then decided to drive Parish's car into other parked cars, causing it to crash and finally break down in front of a home on East 13th Street. Parish and Perry exited the car, and Perry tried to force Parish to flee the accident, but she refused. Perry then began to angrily strike Parish and drag her down the alley by her hair. Parish managed to get away from Perry briefly, but he caught her and continued beating her and dragging her down the alley by her hair. The beating and forceful pulling of her hair caused pain to Parish, and she screamed.

Willie Colwell and Sharonda Cooks, the occupants of the home in front of which Parish's car broke down, were awakened by a male's voice and screams coming from outside the residence. Colwell and Cooks saw a black male dragging Parish by her hair down the alley, and Cooks saw Perry's hands "wrapped in her hair." Tr. at 8, 14. Colwell yelled at Perry and chased him as he began to run northbound through the alley. Cooks called 911 and reported the incident.

As a result of Perry's actions, Parish suffered two black eyes, bruising and swelling in the face and head, and a knot over her eye, which remained the next day. Many of Parish's corn rows had been pulled out of her hair. The State charged Perry with class D felony criminal confinement, class A misdemeanor domestic battery, and class A misdemeanor battery.

At a bench trial on October 13, 2011, Parish testified to the foregoing events, and Colwell identified Perry as the male who attacked Parish. At the conclusion of trial, the court granted Perry's motion for judgment on the evidence with respect to the criminal confinement charge, found him not guilty of domestic battery, and found him guilty of battery. Perry now appeals.

**Discussion and Decision**

On appeal, Perry contends that Parish possessed a motive to lie, and therefore her testimony is "inherently improbable and unworthy of the credibility necessary to sustain a conviction of battery." Appellant's Br. at 9. Perry maintains that because Parish's testimony

is improbable and must be discounted, the State's remaining evidence is insufficient to sustain his conviction.

Our supreme court has stated:

[A] reviewing court does not reweigh the evidence or judge the credibility of the witnesses…. We have often emphasized that appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. Expressed another way, we have stated that appellate courts must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.

*McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005) (citations and quotation marks omitted).

However, "within the narrow limits of the 'incredible dubiosity' rule, a court may impinge upon" the function of a lower court to judge the credibility of a witness. *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002). The rule is stated as follows:

[I]f a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Id*.

We find that the "incredible dubiosity" rule does not apply here. Perry contends that Parish's testimony was inherently improbable because she possessed a motive to lie. "[I]nherently improbable testimony is that which runs counter to human experience, and which no reasonable person could believe." *Campell v. State*, 732 N.E.2d 197, 207 (Ind. Ct. App. 2000). Parish's testimony did not run counter to human experience. Neither was it

4

coerced, equivocal, or uncorroborated. Her testimony was corroborated by Colwell, who testified that he witnessed Perry dragging Parish down the alley by her hair. Perry's argument is nothing more than an invitation to judge Parish's credibility, which we may not do on appeal. Therefore, we affirm his conviction.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.