Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT:

**CHARLES W. LAHEY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID SMIGIELSKI,            )
                            )
        Appellant-Defendant,  )
                            )
    vs.                      )        No. 71A05-1209-CR-492
                            )
STATE OF INDIANA,            )
                            )
        Appellee-Plaintiff.   )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Roland Chamblee, Judge
Cause No. 71D08-1103-FD-160

**April 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

David Smigielski ("Smigielski") was convicted of Class C misdemeanor operating a motor vehicle while intoxicated and Class D felony operating a motor vehicle while intoxicated after having been convicted of operating a motor vehicle while intoxicated. Smigielski appeals and argues that there was insufficient evidence to support his conviction for operating a motor vehicle while intoxicated and that juror bias prevented Smigielski from receiving an impartial jury, which constituted fundamental error.

We affirm.

**Facts and Procedural History**

The facts most favorable to the trial court's judgment reveal that on the night of March 3, 2011, and early morning of March 4, 2011, New Carlisle Police Officer Jeffrey Roseboom ("Officer Roseboom") and Reserve Officer Joshua Szuba ("Officer Szuba")[1] were working on a drunk driving task force in St. Joseph County. Officer Roseboom noticed a gold Lincoln traveling in excess of the speed limit. After he confirmed the excessive speed using radar, Officer Roseboom initiated a traffic stop. While Smigielski found his registration and identification card, Officer Roseboom noticed a strong smell of alcohol emanating from the vehicle. He also noted Smigielski's slow manual dexterity; red, watery eyes; and slow speech. Smigielski admitted that he consumed a few drinks. Officer Roseboom began administering several field sobriety tests. At the beginning of this process, Officer Roseboom asked Smigielski if there were any medications, physical

---

[1] At the time of trial, Officer Roseboom was New Carlisle Police Chief and Officer Szuba was a full-time police officer with the New Carlisle Police Department.

injuries, or impairments that would prohibit him from performing the tests. Smigielski said no. Tr. p. 19.

In all, Officer Roseboom conducted six different field sobriety tests. Smigielski failed three and self-terminated three. First, Officer Roseboom administered the horizontal gaze nystagmus test. Smigielski failed. Second, Officer Roseboom administered the walk and turn test. Smigielski self-terminated, claiming a back problem. Third, Officer Roseboom administered the one-leg-stand test. Again Smigielski self terminated, claiming the same back problem. Due to the self-terminations, Officer Roseboom began administering sobriety tests that did not involve leg movement. Fourth, Smigielski failed the finger-to-nose test. Fifth, Smigielski failed the backward count test when he could not count past five. Sixth, Smigielski self terminated the finger count after he lost count on the second finger.

Officer Roseboom then read Smigielski the implied consent law and offered the chemical test several times. While Officer Roseboom was reading the implied consent, Smigielski repeatedly asked Officer Roseboom to let him go. Smigielski finally refused the chemical test after asserting that he would not pass. Officer Roseboom then arrested Smigielski for operating while intoxicated. While Officer Roseboom was placing him in handcuffs, Smigielski became belligerent. Tr. p. 26. Officer Roseboom ensured that the gold Lincoln was locked and safely parked on the side of the road and then transported Smigielski to the county jail.

A jury trial commenced on March 29, 2012. During jury deliberations, the jury asked the court, "Does under the influence 'mean only alcohol?'" Tr. p. 116. After a

3

discussion between the trial court, prosecutor, and Smigielski's defense attorney, the court responded to the jury, "the instructions provide them with the relevant statutory definition. Which means I am not saying yes and I am not saying no, tell them to read the instructions." Tr. p. 117. Both the prosecutor and Smigielski's defense attorney agreed to this response. The jury found Smigielski guilty of operating a motor vehicle while intoxicated, a Class C misdemeanor (Count I). After the verdict, Smigielski pleaded guilty to operating a motor vehicle while intoxicated after having been convicted of operating a motor vehicle while intoxicated, a Class D felony (Count II). Smigielski had five prior convictions for operating a vehicle while intoxicated.

During the sentencing hearing on August 29, 2012, the court merged Count I with Count II and gave Smigielski the maximum sentence of three years in the Indiana Department of Correction. Of that three-year sentence, twelve months were executed and twenty-four months were suspended to probation.

## I. Sufficiency of the Evidence

Smigielski argues that the evidence is insufficient to support his conviction. Smigielski attributes his field sobriety self-terminations and failures to previous health problems. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have

4

allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

Smigielski was given six field sobriety tests and failed to pass any of them. Officer Roseboom testified that he was unaware of any of Smigielski's dental issues. Tr. p. 84. However, Officer Roseboom directly asked Smigielski if he had any health problems before administering any of the tests. Smigielski said no. None of Smigielski's health problems account for his inability to count backwards from ten to zero, his red, watery eyes, or his own admission that he had consumed a few drinks. His excessive speed, slow manual dexterity, pleas to be let go, and subsequent belligerence were certainly not caused by his health problems. There is more than enough probative evidence and reasonable inference drawn from that evidence to allow a trier of fact to find Smigielski guilty beyond a reasonable doubt.

## II. Juror Bias

Smigielski argues that the trial court committed a fundamental error when it proceeded with trial after the jury posed a question during deliberations regarding the cause of intoxication. "Because the best way to assure a fair trial is to resolve potential errors while the trial is under way, we generally hold that a claim of error must be raised during trial in order to be available as an issue on appeal." Clark v. State, 915 N.E.2d 126, 131 (Ind. 2009).

Smigielski waived his claim of juror bias because his attorney did not object to the court's response to the jury during the trial. "We nevertheless sometimes entertain such claims under the rubric of 'fundamental error.' Fundamental error is an error that makes

5

a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process presenting an undeniable and substantial potential for harm." Id. (quoting Benson v. State, 762 N.E.2d 748, 755 (Ind.2002)).

According to Ind. Code Section 34-36-1-6:

> If, after the jury retires for deliberation:
>
> (1) there is a disagreement among the jurors as to any part of the testimony; or
> (2) the jury desires to be informed as to any point of law arising in the case;
>
> the jury may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or the attorneys representing the parties.

In this case, the jury asked if "under the influence" only included under the influence of alcohol. The court responded to the jury, "the instructions provide them with the relevant statutory definition. Which means I am not saying yes and I am not saying no, tell them to read the instructions." Tr. p. 117. Smigielski's defense attorney was present during this exchange and agreed with the trial court's response. The jury posed a reasonable question, and the court responded with a reasonable answer. The jury's question did not constitute a fundamental error, or, in fact, any error whatsoever.

**Conclusion**

Smigielski's failure to pass six different sobriety field tests was sufficient evidence for a reasonable trier of fact to find him guilty of operating a vehicle while intoxicated. A simple jury question during deliberations and the trial court's appropriate and agreed upon response did not constitute fundamental error.

6

Affirmed.

BAKER, J., and MAY, J., concur.