Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| SARAH CARTNER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A04-1307-CR-332 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION COUNTY SUPERIOR COURT
The Honorable Anne Flannelly, Commissioner
Cause No. 49G17-1303-FD-014640

**February 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Sarah Cartner ("Cartner") was convicted of Class A misdemeanor battery in Marion Superior Court. She appeals her conviction and argues that the State failed to present evidence sufficient to support her conviction.

We affirm.

**Facts and Procedural History**

On March 3, 2013, Cartner, Cartner's mother, and Cartner's three-year-old son, A.S., visited an Indianapolis Wal-Mart store. While the three were inside the store, near the pharmacy section, a Wal-Mart Asset Protection Associate, Ana Tyree ("Tyree"), heard Cartner yelling and A.S. screaming. Tyree approached, coming within four feet of the group, and then observed Cartner raise her hand as if she were going to hit the child, who was sitting in the large basket area of a shopping cart. Cartner moved away from the cart, then came back and struck A.S. on the left side of his head so hard that his head hit the side of the shopping cart. Per store policy, Tyree did not intervene, but continued to watch Cartner, Cartner's mother, and A.S. as they moved towards the health and beauty section. There, Cartner again hit A.S. on the left side of his head, using an open hand. Tyree followed the group as they walked to the store's toy section, where Tyree observed Cartner grab A.S. by his jacket, pick him up, and push him down in the cart on his back. Tyree also saw what she believed to be Cartner pinching A.S. under his coat. Tyree heard A.S. cry out for Cartner to "stop it." Tr. pp. 15-16. Cartner, Cartner's mother, and A.S., with Tyree still following closely, then headed towards the furniture section and Tyree saw Cartner again grab A.S. by his coat and "slam" him down in the cart. Tr. p. 19. Tyree also observed Cartner pull A.S.'s hair. Store surveillance cameras captured the

2

incidents in the pharmacy section and furniture section, but there was no camera in the health and beauty area.

Tyree called 911 to report Cartner's actions. While Cartner was on the phone with the emergency dispatcher, she continued to follow Cartner, Cartner's mother, and A.S. As the group passed the restrooms close to the grocery section, Cartner lifted A.S. from the cart by his coat, and dragged him by his coat into the restroom as he screamed. This conduct was captured by a store security camera.

Indianapolis Metropolitan Police Officer Josh Fritsche ("Officer Fritsche") responded to Tyree's call, arriving at the store about five minutes after Cartner and A.S. emerged from the restroom. Officer Fritsche approached Cartner, and then took Cartner, her mother, and A.S. to the store's security office where he read Cartner and her mother their Miranda rights and took photographs of A.S. Officer Fritsche observed that A.S. had marks on his forehead and that his ears were very red. Cartner told Officer Fritsche that the child's ears were red because he was overheated from having the hood from his hooded sweatshirt up around his face. She further explained that, immediately prior to their trip to the store, her son had just been awakened from a nap and was irritated and hungry. Both Cartner and her mother denied any abuse. Officer Fritsche arrested Cartner, and DCS was called. DCS followed Cartner's mother and A.S. to the home Cartner shared with her mother and A.S. There, DCS performed a home inspection, after which they placed A.S. in Cartner's mother's care.

On March 3, 2013, the State charged Cartner with Class D felony battery against a person under fourteen years of age by a person over eighteen years of age. A bench trial

3

was held on May 8, 2013. The trial court found Defendant guilty as charged. Cartner's sentencing hearing was held on June 12, 2013. Cartner had no prior criminal history, and, after finding Cartner to be eligible for alternative misdemeanor sentencing, the trial court entered judgment against Cartner for Class A misdemeanor battery and sentenced her to 365 days, with 361 days suspended to probation and four days of credit for time already served. The trial court further ordered Cartner to complete a parenting class and an anger management course. Upon completion of the courses and payment of court fees, Cartner was to be released from probation.

Cartner now appeals.

**Discussion and Decision**

Cartner argues that the evidence is insufficient to support her Class A misdemeanor battery conviction. Specifically, she argues that the State "made no clear connection between Sarah Cartner's touching of her son and the alleged bodily injury of 'redness.'" Appellant's Br. at 1.

Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the judgment, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

4

To convict Cartner of battery resulting in bodily injury on a child, the State was required to prove that Cartner was at least eighteen years old and knowingly or intentionally touched a person who was less than fourteen years of age in a rude, insolent, or angry manner that resulted in bodily injury. Ind. Code § 35-42-2-1(a)(2)(B). Specifically, the State alleged that Cartner's unlawful touching of A.S. resulted in redness.

Cartner argues that the evidence is insufficient to support her conviction because "[t]here is no evidence that any touching by Ms. Cartner cause redness to her son's forehead, and insufficient evidence that his ears were red as a result of Ms. Cartner's actions or that redness of his ears was proof of bodily injury." Appellant's Br. at 6. She claims that the redness on A.S.'s ears was the result of his "wearing a hood." Id. at 9. She also asserts that the Wal-Mart store surveillance video submitted by the State fails to support Tyree's testimony that Cartner struck her son, pulled his hair, pinched him, or slammed him down into the shopping cart.

Cartner's argument is merely a request to reweigh the evidence and the credibility of the witnesses, which our court will not do. See McHenry, 820 N.E.2d at 126. Wal-Mart Asset Protection Associate Ana Tyree observed not just one incident of abuse, but several. Tyree testified that she witnessed Cartner strike A.S., slam him down into the shopping cart, pull his hair, and drag him by his coat into the store's restroom.[1] Although the store surveillance video capturing some of these events is less than clear, the video does show Cartner raising her hand as if to strike A.S., A.S. falling back in the cart, and

---

[1] We commend Tyree for reporting Cartner's conduct to the proper authorities.

Cartner picking A.S. up by his coat and taking him into the restroom. While Cartner and her mother testified that Cartner did not use more unreasonable force against A.S., the trial court was free to weigh the evidence and judge the witnesses' credibility. Therefore, under the facts and circumstances of this case, we cannot say that the State failed to provide evidence sufficient to support Cartner's conviction.

## Conclusion

Because the trial court could reasonably conclude that the redness of A.S.'s ears was caused by Cartner's battery of A.S., the evidence presented in this case is sufficient to support Cartner's Class A misdemeanor battery conviction.

Affirmed.

BRADFORD, J., and PYLE, J., concur.