**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 30 2014, 6:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLARICEA D. MUSE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  33A04-1309-CR-472 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Bob A. Witham, Judge
Cause No. 33C03-1103-CM-135

**April 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, a mother and daughter's sporadic disputes eventually led to the mother, appellant-defendant Claricea D. Muse, being convicted of Criminal Trespass,[1] a class A misdemeanor. Muse was at her daughter's apartment after she had been instructed thirteen months earlier that she was no longer permitted to be there.

Muse now appeals, arguing that the evidence was insufficient to convict her. Finding sufficient evidence, we affirm the judgment of the trial court.

FACTS

On February 11, 2010, Brandy Muse requested that police officers from the New Castle Police Department (NCPD) warn Muse, Brandy's mother, that she was not allowed to be at Brandy's residence. An officer filed a report on Brandy's behalf and warned Muse that she was not permitted to be at Brandy's residence.

Thirteen months later, on March 13, 2011, Muse arrived at Brandy's apartment and began "beating on the door" of Brandy's apartment. Tr. p. 16. Muse also tried to force open a window above an air conditioning unit and enter Brandy's apartment. Brandy called 911, and Officer Andrew Williams and Captain Brad Flynn of the NCPD responded.

After Brandy explained what had occurred, Officer Williams and Captain Flynn returned to their police vehicle and attempted to locate Muse; however, Muse approached in her vehicle. Muse told the officers that she had been at Brandy's apartment and that she had been warned that she was not permitted to be at Brandy's apartment.

---

[1] Ind. Code § 35-43-2-2.

On March 14, 2011, the State charged Muse with class A misdemeanor criminal trespass. On August 21, 2013, the case proceeded to a bench trial, and Muse was found guilty as charged. Later that day, the trial court sentenced Muse to a suspended term of ninety days. Muse now appeals.

## DISCUSSION AND DECISION

Muse's sole argument on appeal is that the State presented insufficient evidence to sustain her conviction for class A misdemeanor criminal trespass. More particularly, Muse contends that she did not possess the mens rea required under the criminal trespass statute and that she was not denied entry by the owner of the apartment complex.

When reviewing a challenge to the sufficiency of the evidence, this Court neither reweighs the evidence nor judges the credibility of witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). Instead, we consider the evidence most favorable to the trial court's ruling and must affirm the conviction unless no reasonable factfinder could find the elements proven beyond a reasonable doubt. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007).

To convict Muse of class A misdemeanor criminal trespass, the State was required to prove beyond a reasonable doubt that Muse knowingly entered the real property of Brandy Muse after having been denied entry by that person, and Muse did not have a contractual interest in that property. Appellant's App. p. 6; Ind. Code § 35-43-2-2(a)(1).[2]

---

[2] In 2013, the General Assembly amended Indiana Code section 35-43-2-2. P.L. 203-2013. However, the amendment did not alter the statutory language at issue in this appeal.

3

Muse asserts that she believed that she had a right to be on the property and that her belief was reasonable. Muse points out that she had been given the warning thirteen months earlier. Further, Brandy testified that she and Muse had been "getting along." Tr. p. 13, 20.

Nevertheless, Officer Williams testified that Muse admitted that "she had been warned of trespass at that location previously." Id. at 17. Likewise, Captain Flynn testified that he heard Muse admit that "she knew that she had previously been warned by the New Castle Police Department not to be at the residence." Id. at 22-23. Accordingly, we cannot say that there was insufficient evidence on this basis.

Muse also argues that there was insufficient evidence to show that she entered the property after being denied entry by the owner of the property. Muse directs this Court to Aberdeen Apartments v. Cary Campbell Realty Alliance, Inc., 820 N.E.2d 158 (Ind. Ct. App. 2005), in support of her argument.

In Aberdeen, ninety-five apartment communities brought a trespass action against a realty company, which distributed to tenants a free publication containing advertisements of homes that were for sale. Id. at 161-62. A divided panel of this Court held that landlords are in exclusive possession of the common areas of their properties and, thus, could maintain an action for trespass. Id. at 165.

Recently, in Walls v. State, 993 N.E.2d 262, 267 (Ind. Ct. App. 2013), another panel of this Court distinguished Aberdeen and held that there was sufficient evidence to sustain Wall's conviction for criminal trespass based on a tenant's possessory interest to

4

the area immediately outside her apartment. Walls was in the common areas of an apartment building. Id. Walls, however, positioned himself outside the apartment of a female friend and knocked, banged on, and kicked her door. Id. She denied him entry, and he refused to leave. Id. She called the police, and, among other offenses, he was charged and convicted of criminal trespass. Id. at 265-66.

Although Walls argued that pursuant to Aberdeen, a tenant could not ask him to leave the common areas of an apartment complex the panel held that the tenant had a sufficient possessory interest in her apartment to request that Walls leave the area immediately outside her door and that such interest extends to "passageways for ingress and egress." Id. at 266-67.

Here, the evidence most favorable to the trial court's verdict shows that Muse had tried to gain entry to Brandy's apartment by "beating on the door" and trying to force open a small window that was directly to the left of the door. Tr. p. 16. Muse had been warned not to be at Brandy's apartment, and Brandy had called 911. Id. at 10, 12.

These facts are sufficiently analogous to those in Walls, and like the tenant in Walls, Brandy had a sufficient possessory interest in the area immediately outside her door and certainly to the window of her apartment to request that Muse not be there. Accordingly this argument fails.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.

5