**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD J. FREW**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jun 12 2014, 10:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KRASIMIR PAVLOV,            )
                           )
    Appellant-Defendant,   )
                           )
        vs.            )        No. 02A03-1311-CR-443
                           )
STATE OF INDIANA,          )
                           )
    Appellee-Plaintiff.    )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy Davis, Judge
Cause No. 02D05-1303-FD-261

**June 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Krasimir Pavlov appeals his convictions for battery and criminal trespass, raising a single issue for our review: whether the State presented sufficient evidence to support Pavlov's convictions. Concluding there was sufficient evidence to support Pavlov's convictions, we affirm.

## Facts and Procedural History

On March 3, 2013, Pavlov entered a coffee shop in Fort Wayne and attempted to order a beer, which the shop did not serve. He then ordered a coffee and proceeded to sit down on the floor. An employee of the coffee shop, Courtney Burgess, asked Pavlov to sit in a chair. Pavlov sat in a chair then slammed his coffee down, spilling it everywhere. Burgess asked Pavlov to leave. After Pavlov did not leave, Burgess called the police. Fort Wayne Police Officers Barry Pruser and Tina Blackburn responded to the call that there was an unwanted party inside the coffee shop.

When the officers arrived, Burgess pointed at Pavlov, who was crouching on the ground in a fetal position. The officers asked Pavlov to stand up and follow them outside, and Pavlov complied. Once outside, Officer Pruser asked Pavlov to provide identification, at which point Pavlov slapped Officer Pruser in the side of the head, knocking off his glasses and causing him pain. A brief struggle ensued, and Pavlov was arrested.

The State charged Pavlov with battery, a Class D felony, and criminal trespass, a Class A misdemeanor. A jury trial was held in September 2013, and the jury found Pavlov guilty as charged. Pavlov received concurrent executed sentences of one year and

one hundred eighty-three days for battery and one year for criminal trespass. This appeal followed.

## Discussion and Decision

### I. Standard of Review

When reviewing a defendant's claim of insufficient evidence, the reviewing court will neither reweigh the evidence nor judge the credibility of the witnesses, and we must respect "the jury's exclusive province to weigh conflicting evidence." McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (citation omitted). We consider only the probative evidence and reasonable inferences supporting the verdict. Id. And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

### II. Sufficiency of Evidence

Pavlov argues on appeal that the State did not present sufficient evidence to support either of his two convictions. We address each conviction below and conclude the State offered sufficient evidence to prove both crimes.

### A. Criminal Trespass

A person commits criminal trespass when he, "not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent." Ind. Code § 35-43-2-2(a)(2). Pavlov contends that there was insufficient evidence presented at trial to convict him of this crime because the State neglected to have Burgess identify Pavlov at trial as the person who had refused to leave the coffee shop. The State

3

concedes that an in-court identification was not made by Burgess.  However, it points out that the police arrived at the coffee house in response to a complaint of an unwanted party inside the coffee shop and that employees in the coffee shop pointed out Pavlov when the officers arrived.  We believe this evidence is sufficient to create an inference that Pavlov was the person who refused to leave the coffee shop when asked by Burgess.  Therefore, there was sufficient evidence to identify Pavlov as the trespasser.

Pavlov also maintains that the evidence was not sufficient to show he knowingly committed criminal trespass.[1]  Pavlov's argument on this point results primarily from a misreading of a portion of the trial transcript where Burgess states she is unable to explain how she knew Pavlov could understand her requests for him to leave.  That said, the evidence is sufficient to show Pavlov was aware of his conduct, as he was able to understand and comply with other requests made by Burgess and the officers during the same event.  The evidence was sufficient to prove Pavlov acted with the requisite mens rea.

## B.  Battery

Next, Pavlov claims the State failed to prove he committed battery against Officer Pruser either "knowingly" or "intentionally."  Pavlov's argument relies on his own testimony given at trial that he has been diagnosed with "post-traumatic disorder" and "bi-polar [sic]."  Transcript at 140.  As the State points out, Pavlov did not raise an insanity defense at trial or otherwise claim he was mentally incapable of harboring the requisite mens rea.  The State also points to testimony by Officer Pruser that indicates

---

[1] A person acts "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.  Ind. Code § 35-41-2-2(b).

4

Pavlov's act of slapping him in the head was knowing and voluntary. We view Pavlov's argument as a request to reweigh the evidence, which we will not do.

Conclusion

Concluding the State presented sufficient evidence to support Pavlov's convictions for criminal trespass and battery, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.