**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 26 2014, 8:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DESMOND McGEE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A05-1311-CR-555 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1304-CM-21382

**June 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, a verbal altercation between two co-workers quickly turned violent. Appellant-defendant Desmond McGee punched the victim, Kristopher Krafcsik, in the jaw. McGee claimed that he acted in self-defense because Krafcsik's "tone and words" made him feel as though his physical safety was in danger. Appellant's Br. p. 8.

Although McGee was initially charged with Battery,[1] a class A misdemeanor, for inflicting bodily injury upon Krafcsik, the trial court found him guilty of the lesser-included offense of class B misdemeanor battery.[2] We reject McGee's claim of self-defense, concluding that the evidence was sufficient to support McGee's conviction and affirm the judgment of the trial court.

## FACTS

Krafcsik and McGee worked together at Blossom Chevrolet in Indianapolis. On February 6, 2013, Krafcsik was walking through the door to the business. At some point, McGee approached Krafcsik and accused him of leaving some paperwork in McGee's office. Krafcsik replied that he did not know what McGee was talking about and denied leaving any documents in his office. After McGee made these accusations two more times, McGee told Krafcsik to clean his office. In response, Krafcsik, who testified that he was standing about thirty feet away, told McGee to "go f**k [himself.]" Tr. p. 8.

Krafcsik claimed that McGee "closed that thirty feet really quick," approached Krafcsik, and "socked" [him] in the jaw." Id. McGee's punch initially shocked Krafcsik,

---

[1] Ind. Code § 35-42-2-1(a)(1)(A).

[2] I.C. § 35-42-2-1(a).

2

but it subsequently caused him pain. Krafcsik raised his hands to his face to make sure that McGee was not going to hit him again. McGee then got "up into" Krafcsik's chest and threatened him, while three other individuals were attempting to restrain him. Id. at 9.

Krafcsik stepped away after McGee punched him. When Krafcsik turned from McGee and began walking toward the sales office, McGee was "right in [Krafcsik's] ear" behind him. Id. at 10. Krafcsik then asked if McGee was going to "sucker punch" him again. Id. Krafcsik interrupted a manager's meeting and explained what had occurred.

McGee admitted that he "pushed" Krafcsik, but denied pushing him "in the face." Tr. p. 45. McGee claimed that he shoved Krafcsik to "get some separation between [them]," and thought that Krafcsik "was going to try to do something" because Krafcsik had raised his voice. Id. at 42, 45.

The State charged McGee with class A misdemeanor battery. However, following a bench trial on October 22, 2013, McGee was found guilty of battery, a class B misdemeanor, as a lesser-included offense. McGee was subsequently sentenced, and he now appeals.

DISCUSSION AND DECISION

In addressing McGee's challenge to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses, and respect "the jury's exclusive province to weigh conflicting evidence." McHenry v. State, 820 N.E.2d 124, 126-27 (Ind. 2005). We will affirm the defendant's conviction if the probative evidence

3

and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id. Under Indiana Code section 35-42-2-1(a), a person who "knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class B misdemeanor."

Here, Krafcsik testified that McGee "closed that 30 feet really quick" between the two of them shortly after the incident began. Tr. p. 8. McGee approached Krafcsik and punched him in the jaw. Id. And even McGee's self-serving account of the incident, claiming that he pushed Krafcsik—but not in the face—supports his conviction for battery as a class B misdemeanor. In short, McGee's claim is inviting us to make a credibility determination and reweigh the evidence, which we will not do. McHenry, 820 N.E.2d at 126-2.

Additionally, we note that to prevail on a claim of self-defense, the defendant must show that he is justified in using reasonable force against another person to protect himself from what that person reasonably believes to be the imminent use of unlawful force. I.C. § 35-41-3-2(c). For McGee to succeed on his self-defense claim, he was required to demonstrate that he was in a place where he had a right to be, he did not provoke, instigate, or participate willingly in the violence, and had a reasonable fear of death or great bodily harm. Boyer v. State, 883 N.E.2d 158, 162 (Ind. Ct. App. 2008). Also, the amount of force used to protect oneself must be proportionate to the urgency of the situation. Geralds v. State, 647 N.E.2d 369, 373 (Ind. Ct. App. 1995).

4

While McGee claims that he was acting in self-defense when he "pushed" Krafcsik, we review the question of whether the State negated the defendant's claim of self-defense beyond a reasonable doubt. Boyer, 883 N.E.2d at 162. We look solely to the evidence most favorable to the verdict together with all reasonable inferences to be drawn therefrom. Id. We will reverse a conviction where the defendant claims self-defense only if no reasonable person can say that the State disproved self-defense beyond a reasonable doubt. Id.

Here, the State's evidence established that McGee instigated the confrontation with Krafcsik and punched Krafcsik in the jaw. Tr. p. 8. The trial court, as the finder of fact, could reasonably find that there was no evidence of a physical attack from Krafcsik—imminent or otherwise—that McGee would have been justified to repel. That said, even if the trial court had chosen to credit McGee's account that he "pushed" Krafcsik to "get some separation," the trial court could reasonably conclude that Krafcsik's alleged act of raising his voice to McGee did not justify McGee's use of physical force. Thus, we reject McGee's claim of self-defense and affirm his conviction.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.