Mirtha McHENRY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellees
(Plaintiff below).

No. 79S02–0501–CR–001.

Supreme Court of Indiana.

Jan. 6, 2005.

Thomas J. O'Brien, O'Brien & Dekker, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

Following a jury trial, the defendant, Mirtha McHenry, a bank teller, was convicted of forgery, a class C felony, and theft, a class D felony, as a result of her actions relating to an unauthorized withdrawal of $6,500 from the account of a bank customer. Concluding that the evidence was insufficient to establish her guilt of either crime, the Court of Appeals reversed the convictions and remanded with instructions that she be discharged.[1] We

1. *McHenry v. State*, 797 N.E.2d 852, 855 (Ind.  Ct.App.2003).

grant transfer and affirm the trial court.[2]

In her appeal from the convictions, the defendant alleges three grounds for reversal: (1) insufficient evidence; (2) refusal to strike two jurors for cause; and (3) erroneous admission of surveillance videotape.

### 1. Sufficiency of Evidence

The defendant contends that neither of her convictions were supported by sufficient evidence. Upon a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of the witnesses, and respects "the jury's exclusive province to weigh conflicting evidence."[3] We have often emphasized that appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict.[4] Expressed another way, we have stated that appellate courts must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt."[5]

Evidence at her jury trial established that the defendant, a bank teller, withdrew $6,500 from the account of Charles Landes. The defendant testified that someone had come to her wanting to make this withdrawal, that she had filled in the withdrawal slip, and that she had the customer sign it and gave him the money. Upon receiving his bank statement and discovering a $6,500 withdrawal from his account, Landes immediately reported the error to the bank and signed an affidavit of forgery stating that the signature on the withdrawal slip was not his and that he did not receive any of the proceeds. The withdrawal slip was time-stamped 4:44 p.m. The bank's videotape showed no one at the defendant's teller window when the transaction occurred. Bank records also disclosed that the defendant had accessed and viewed this customer's account records twice during the two weeks before the withdrawal.

Although reciting that "in reviewing the sufficiency of the evidence, we will not reweigh the evidence or judge the credibility of witnesses,"[6] the Court of Appeals reversed the convictions, speculating that the withdrawal slip *"may have been* received earlier and only stamped at 4:44 p.m." and that the defendant's prior inquiries into the customer's account balance *"may have been* precipitated by a phone call request."[7]

In reversing the jury's verdict, the Court of Appeals failed to restrict its consideration to only the evidence and reasonable inferences favorable to the trial

---

2. As an experiment, this opinion departs from the author's usual style of citation and footnote use. *Cf.* Indiana Appellate Rule 22. Generally adhering to the footnote recommendations of Bryan Garner, *The Winning Brief*, 139–47 (2d ed.2004), all citations unessential to the text are placed in footnotes, and substantive matter that otherwise might appear in footnotes is included in the text. This revised format does not meet with universal approval. *See* Richard A. Posner, *Against Footnotes*, 38 Court. Rev. 24 (Summer 2001). The public, the bench, and the bar are invited to comment to the Supreme Court Administrator, 315 State House, Indianapolis, IN 46204.

3. *Alkhalidi v. State*, 753 N.E.2d 625, 627 (Ind. 2001).

4. *Bald v. State*, 766 N.E.2d 1170, 1173 (Ind. 2002); *Raines v. State*, 514 N.E.2d 298, 299 (Ind.1987); *Loyd v. State*, 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (Ind.1980), *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

5. *Tobar v. State*, 740 N.E.2d 109, 111–12 (Ind. 2000).

6. *McHenry*, 797 N.E.2d at 854.

7. *Id.* at 855 (emphasis added).

court's verdict, but instead reweighed the evidence, improperly substituting its own judgment for that of the jury. While the jury could have drawn the same inferences as the Court of Appeals, they did not. They returned a unanimous verdict of guilt on each count.

The defendant urges that the State failed to present evidence that she intended to defraud the customer or the bank or that she took the money. The State responds (and the defendant concedes) that intent to defraud may be proven by circumstantial evidence,[8] and the State argues that the defendant acknowledged accessing the customer's account and performing the transaction that removed $6,500 from the account—money that the customer did not receive. And the videotape enabled the jury to infer that there was no customer at the defendant's teller window when the withdrawal was made.

Finding that the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, we conclude that the evidence was sufficient to support the judgment.

## 2. Failure to Exclude Jurors for Cause

■ The defendant contends that the trial court committed reversible error in allowing two jurors who were depositors in the bank to serve as jurors. During jury selection, when two jurors stated that they had accounts at the bank, the defendant challenged them for cause, alleging they had a personal interest. The trial court denied her challenges, and the defendant thereafter exhausted her peremptory challenges. She argues that these two jurors should have been excused because they each had a personal interest in the victim of her alleged victim crimes. When the defendant challenged these jurors for cause, the trial court questioned each about their status as account holders and the possible impact of the bank's loss upon them. Each juror assured the court that this would neither influence them as jurors nor affect their personal business with the bank.

■ The defendant acknowledges that whether to excuse a juror for cause rests within the sound discretion of the trial court.[9] She urges, however, that the financial interests of these jurors as bank depositors raised a presumption of implied bias, citing *Woolston v. State.*[10]

*Woolston* involved a juror who had a close relationship to the State Police due to his wife's employment. The juror was familiar with three of the officers who were to testify for the State and knew that his wife had worked on some of the evidence in the case. Noting that a challenge for cause had been held to exist in cases where a juror's spouse had been hired for future employment by the prosecutor and in another where the juror's wife was a second cousin to a member of the prosecutor's staff, *Woolston* found that, based on the juror's relationship to the State, it was error for the trial court to deny the challenge for cause.[11]

In the present case, the jurors were challenged not for their relationship with the State but for their status as depositors in the bank where the alleged crimes occurred. The trial court considered the

---

8. *Wendling v. State,* 465 N.E.2d 169 (Ind. 1984).

9. *Wisehart v. State,* 693 N.E.2d 23, 55 (Ind. 1998).

10. 453 N.E.2d 965, 968 (Ind. 1983).

11. *Id.*

challenge, questioned the jurors, and then denied the challenge. We decline to find any abuse of discretion in this ruling.

### 3. Surveillance Videotape

■ The defendant also contends that the trial court committed reversible error in admitting the bank's surveillance video. The video shows that no person was at the defendant's teller window at the time she entered the questioned transaction. The defendant's objection at trial was that the videotape was not a business record and that there was an inadequate foundation, the particulars of which were not specified. On appeal, the defendant does not present argument as to the business record issue but rather argues generally that because the state did not present information to support the reliability of the surveillance tape other than the affidavit of a records custodian, it failed to lay a proper foundation for the admission of the video.

The parties agree that under a "silent witness" theory, videotapes may be admitted as substantive evidence, but "there must be a strong showing of authenticity and competency" and that when automatic cameras are involved, "there should be evidence as to how and when the camera was loaded, how frequently the camera was activated, when the photographs were taken, and the processing and changing of custody of the film after its removal from the camera." [12]

The State argues that witness testimony established the videotape's authenticity. The bank manager removed the videotape, and a police detective checked it to assure that it was the tape covering the date in question. The detective then watched the tape to match the transactions and customers' account numbers with the representa-

tions on the videotape. In addition, the bank's custodian of records verified by affidavit that the tape was a regularly conducted activity of the bank and that she had examined the records to verify its trustworthiness.

■ Rulings on the admission of evidence are subject to appellate review for abuse of discretion.[13] We are not persuaded that the trial court abused its discretion in admitting the videotape.

### Conclusion

We grant transfer and affirm the judgment of the trial court.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

**12.** Brief of Appellant at 15; Brief of Appellee at 7. *See Edwards v. State,* 762 N.E.2d 128, 136 (Ind.Ct.App.2002).

**13.** *McManus v. State,* 814 N.E.2d 253, 264 (Ind.2004); *Jones v. State,* 780 N.E.2d 373, 376 (Ind.2002).