**Michael Owen PROCTOR,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 22A01–0612–CR–565.**

Court of Appeals of Indiana.

Oct. 3, 2007.

J. Patrick Biggs, Chief Public Defender, New Albany, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Michael Proctor appeals following his conviction and sentence for Robbery Resulting in Bodily Injury as a Class B felony,[1] Burglary Resulting in Bodily Injury as a Class A felony,[2] and Criminal Confinement as a Class D felony.[3] Upon appeal, Proctor claims the trial court erred by admitting evidence in violation of his Sixth Amendment right to confrontation pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We affirm.

## FACTS

On April 14, 2003, Pearl Croxall saw a man whom she later identified as Proctor walk up to her back door. After she opened the door and stepped onto the patio to ask what he needed, Proctor grabbed her by the throat, pushed her back into the house, and dragged her through the house while he looked for money. Proctor dragged Croxall into the kitchen, where she gave him her purse. He dragged her into a bedroom where she gave him a jar of money. Proctor subsequently dragged Croxall to the bathroom, pushed her inside, and told her not to come out. Croxall locked the bathroom door and escaped through the bathroom window. Croxall ran to her daughter's house next door, and her daughter called police. Croxall was taken to the hospital with bleeding hands and arms, a black eye, bruises, and chest pains. Upon returning to her house, Croxall observed that a diamond ring, a sapphire and diamond bracelet, a diamond earring, and a dollar bill with great sentimental value had been taken.

Croxall, who testified to having a "very good" look at the intruder, identified him as Proctor in a line-up the next day. Tr. at 82. She further made an in-court identification at trial of Proctor as the intruder.

Croxall's neighbor, Sheila Proctor, talked to police the day of the incident. In this taped statement, Sheila told police that Proctor, her nephew, had come to her house on April 14, 2003, that she had found him staring at her purse on the kitchen counter and thought "he was gonna do something," and that she had seen him leave and walk up to Pearl Croxall's back door, which she thought was unusual. Exh. Vol. at p. 39.

On April 23, 2003, the State charged Proctor with robbery resulting in serious bodily injury as a Class A felony (Count 1), burglary resulting in bodily injury as a Class A felony (Count 2), and criminal confinement as a Class D felony (Count 3). On June 7, 2005, the State amended its charging information by reducing Count 1 to robbery resulting in bodily injury as a Class B felony. Proctor's first trial on these charges occurred June 20–22, 2005, which resulted in a hung jury. The case was re-tried on July 10–13, 2006.

In this second trial, Sheila testified that she was unable to remember the details of the day in question due to her mental condition and the medication she was taking for various conditions, which caused her to have "blackouts." Tr. at 156. Sheila testified only that on the date of the incident, Proctor had been at her house to use the phone and that at some point he had left.

To supplement this testimony, the State

---

**1.** Ind.Code § 35–42–5–1(2) (2002).

**2.** Ind.Code § 35–43–2–1 (2002).

**3.** Ind.Code § 35–42–3–3(a)(1) (2002).

sought to introduce as State's Exhibit 3 [4] Sheila's April 14, 2003 taped statement to police. Defense counsel objected on Confrontation Clause grounds, but the trial court overruled this objection. The State also sought to introduce as State's Exhibit 4 a transcript of Sheila's testimony from a prior proceeding which included excerpts from the taped statement. Defense counsel made no objection.

At the close of this second trial, the jury found Proctor guilty, and the trial court entered judgment of conviction on all three counts on July 13, 2006. Following his sentencing hearing, on October 25, 2006, the trial court sentenced Proctor to thirty-five years, with five years suspended, for the burglary conviction; ten years for the robbery conviction; and one and one-half years for the criminal confinement conviction, with the sentences to run concurrently and to be served in the Department of Correction. Proctor filed his notice of appeal on November 21, 2006.

## DISCUSSION AND DECISION

Proctor's sole argument upon appeal is that the admission into evidence of Sheila's taped statement violated his Sixth Amendment right to confrontation pursuant to *Crawford*. Proctor claims that, in spite of Sheila's presence at trial, her lack of memory made her effectively unavailable for purposes of conducting a meaningful cross-examination. In support of his claim, Proctor points to the prosecutor's statement, in seeking to admit into evidence Sheila's testimony in State's Exhibit 4, that her lack of memory rendered her unavailable under Indiana Rule of Evidence 804. The State responds that, regardless of Sheila's alleged unavailability

under the rules of evidence, the admission of the tape did not violate Proctor's right to confrontation because Sheila was present at trial and available for cross-examination. The State further argues that Proctor suffered no prejudice because, regardless of the admissibility of the statements in State's Exhibit 3, the incriminating statements in State's Exhibit 3 were also included in State's Exhibit 4, and no challenge has ever been lodged against State's Exhibit 4.

 We review rulings on the admission of evidence for an abuse of discretion. *McHenry v. State*, 820 N.E.2d 124, 128 (Ind.2005). In *Crawford*, the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment to the Federal Constitution prohibits admission in a criminal trial of testimonial statements by a person who is absent from trial, unless the person is unavailable and the defendant had a prior opportunity to cross-examine the person. *Fowler v. State*, 829 N.E.2d 459, 464 (Ind.2005).

 Here, the admission of Sheila's taped statement presented no violation of Proctor's Sixth Amendment right to confrontation on the basis of *Crawford* because Sheila was present at trial, she testified, and she was subject to cross-examination. Contrary to Proctor's argument, the Indiana Supreme Court has stated that it cannot import the availability doctrine of Indiana Rule of Evidence 804(a) wholesale into *Crawford*. *Fowler*, 829 N.E.2d at 469. Therefore, even if a witness is determined to be "unavailable" under Rule 804(a), that determination does not render the person unavailable for cross-examination for purposes of the Confrontation Clause. *Fowler*, 829

---

4. State's Exhibit 3 was not included in the record. The State indicates it did not file a motion to compel production of this tape because the relevant portion of the tape was

included in State's Exhibit 4, a transcript of a prior proceeding when portions of the tape were used during testimony. No objection was made to State's Exhibit 4.

N.E.2d at 469. As the United States Supreme Court held in *United States v. Owens,* 484 U.S. 554, 558, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988), as long as the declarant testifies, the Confrontation Clause is satisfied, even if the declarant is unable to recall the events in question. *Fowler,* 829 N.E.2d at 466. "The feigned or real absence of memory is itself a factor for the trier of fact to establish, but does not render the witness unavailable." *Id.* A witness who is present and responds willingly to questions is "available for cross-examination" as this phrase is used in *Crawford* in discussing the Confrontation Clause. *Id.*

As Sheila was present at trial and responded willingly to questions, we find no *Crawford* violation in the admission of her taped statement in State's Exhibit 3. Accordingly, we conclude that Proctor's challenge to his convictions on the basis of *Crawford* is without merit.

The judgment of the trial court is affirmed.

NAJAM, J., and MATHIAS, J., concur.