Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**STEVEN J. HALBERT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL NANCE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1112-CR-1144 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben Hill, Judge
Cause No. 49F18-1003-FD-021278

**August 3, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Michael Nance ("Nance") appeals his conviction for Class D felony theft following a jury trial. He presents a single issue on appeal, whether the State presented sufficient evidence to support his conviction.

We affirm.

**Facts and Procedural History**

Nance is a former warehouse employee of Black Mountain Music ("Black Mountain"), which is a musical instrument and accessory distributor. Tr. p. 30. On September 28, 2009, Nance was working at Black Mountain with Scott Johnson ("Johnson"), the Chief Operating Officer, and Amy Smith ("Smith"). Three doors and their location within the business are important in this case. One door is in the front of the building, which allows access from the outside to the main section. Another door leads from the main area to the warehouse. The last door, in the back of the warehouse, allows access from the warehouse to the outside of the building.

At approximately 5:00 p.m., Smith and Johnson were at Smith's desk near the front of the business when they heard a chime, which indicated that either the front or back door had been opened and closed. Smith looked up from her desk and could see that no one had attempted to enter the business from the front. Both Smith and Johnson were perplexed by the chime because the warehouse portion of the business was dark. Nance then walked from the warehouse, through the business, past Smith and Johnson and exited through the front door.

At Johnson's request, Smith then walked through the warehouse and looked through the window in the back door. She saw two guitar cases sitting on the concrete

2

steps directly outside the building. Smith reported her finding to Johnson, who returned to the rear of the building to view the guitar cases.

Smith and Johnson then watched Nance's actions through the window in the back warehouse door. Nance approached the guitar cases, picked them up, and took two steps backward. Johnson then opened the door, confronted Nance, and stated "What's up, Mike?" Tr. p. 37. Nance "looked straight at [Johnson], his eyes kind of rolled up, his mouth popped up and [Nance] said 'aw, s**t.'" Id. Nance then said to Johnson, "[w]ell, you know I need money." Id. Johnson immediately fired Nance.

Each case contained a guitar valued at $179.98. Tr. pp. 39-40. Johnson confirmed that the guitars belonged to Black Mountain and returned them to the business's inventory. Nance returned to Black Mountain the following day. Nance apologized to Johnson for his actions and pleaded to be given back his job. Johnson called the police after Nance left the premises.

On February 18, 2010, Nance was charged with Class D felony theft. Appellant's App. p. 26. Nance was convicted at a jury trial on October 25, 2011. Id. at 97. Nance filed a Notice of Appeal on December 21, 2011. Id. at 1.

**Discussion and Decision**

Nance contends that the State presented insufficient evidence to support his conviction. When reviewing the sufficiency of evidence, we do not reweigh evidence or reassess the credibility of witnesses. Long v. State, 935 N.E.2d 194, 197 (Ind. Ct. App. 2010). We only consider the "probative evidence and reasonable inferences supporting the verdict." Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007) (quoting McHenry v. State,

3

820 N.E.2d 124, 126 (Ind. 2005)). We will affirm if the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Drane, 867 N.E.2d at 147 n. 4 (quoting McHenry, 820 N.E.2d at 126).

To prove that Nance committed theft, the State was required to show beyond a reasonable doubt that he "knowingly or intentionally exert[ed] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use[.]" Ind. Code § 35-43-4-2. Nance challenges the jury's determination that he exerted "unauthorized" control over the guitars.

The term "unauthorized" is defined as "(1) without the other person's consent; (2) in a manner or to an extent other than that to which the other person has consented[.]" Ind. Code § 35-43-4-1(b). Nance relies upon Thomas v. State, 515 N.E.2d 880 (Ind. Ct. App. 1987) in support of reversal. The defendant in Thomas, a prison employee, transported an inmate accompanying him on a delivery of prison-manufactured license plates, to a motel for conjugal visit with his wife. Before Thomas and the inmate left the prison, Thomas was issued $30 as a standard meal allowance. Thomas was charged with exercising unauthorized control over the meal money and approximately three hours of overtime pay. We reversed the defendant's conviction because the State was unable to show that the defendant's control over the property at issue was unauthorized. Specifically in Thomas, "it [was] clear that Thomas was authorized to receive the [meal money]; that he obtained the money according to standard procedures." Id. at 881. Moreover, the State "did not introduce any evidence, direct or circumstantial, from which

4

the jury could reasonably have inferred" that the wait at the hotel was unauthorized.  Id. at 882.

In contrast, Johnson specifically testified that he had "absolutely not" granted Nance permission to possess the guitars.  Tr. p. 39.  Nance argues that the "act of picking up guitars was not an unauthorized exercise of control because he had the consent of this employer to take those actions" as "part of his job."  Appellant's Br. at 4.  While it is reasonable to assume that Nance moved boxes in the furtherance of his responsibilities as a warehouse employee, Nance did not have permission to remove the guitars from Black Mountain's warehouse premises.  Tr. p. 39.

Nance's actions in removing the guitars from the warehouse, placing them outside the warehouse, and then attempting to retrieve them is sufficient circumstantial evidence to prove that Nance exerted unauthorized control over the guitars.  Were we to adopt Nance's argument that an employee's handling of merchandise is unequivocally authorized, employers would have little redress for theft at the workplace.  Moreover, from Nance's expletive after being confronted by Johnson and his subsequent apology, the jury could reasonably conclude that Nance intentionally exerted unauthorized control over the guitars.  In addition, Nance's statement of "you know I need the money" suggested his intent to sell the items.  Tr. p. 37.  In sum, the evidence is sufficient to support Nance's Class D felony theft conviction.

Affirmed.

VAIDIK, J., and BARNES, J., concur.