Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 22 2014, 10:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JULIE P. VERHEYE**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL G. WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KEVIN JOSEPH CHERRONE,     )
                                        )
     Appellant,             )
                                          )
       vs.                  )     No. 71A03-1305-CR-187
                                          )
STATE OF INDIANA,           )
                                          )
     Appellee.              )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Michael P. Scopelitis
The Honorable Richard McCormick
Cause No. 71D01-1301-CM-160

**January 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

MATHIAS, Judge

Kevin Joseph Cherrone ("Cherrone") was convicted in St. Joseph Superior Court of Class A misdemeanor domestic battery. The trial court sentenced Cherrone to 365 days, with all time suspended to probation but for twenty-four days of time served. Cherrone appeals and argues that the evidence presented at trial is not sufficient to support his conviction for Class A misdemeanor domestic battery.

We affirm.

## Facts and Procedural History

The evidence most favorable to the trial court's judgment reveals that on January 9, 2013, Cherrone consumed copious amounts of rum and then passed out on a couch in the living room of the South Bend apartment he shared with Julianne Hirsch ("Hirsch") and her two sons. At the time, Cherrone and Hirsch had known each other for approximately fourteen years and had been involved in a romantic relationship for approximately four years. They were not married but shared the apartment and household expenses and had participated in a commitment ceremony.

While Cherrone was passed out in the living room, Hirsch was in a back bedroom in the apartment. She heard a loud noise coming from the living room, then heard Cherrone cursing loudly. Hirsch left the bedroom and entered the living room where she saw that Cherrone had pulled the large flat screen television from its pedestal, cracking the television's frame in the process. When Hirsch asked Cherrone what he was doing, Cherrone cursed at her, apparently angry about some missing jewelry that belonged to him. Cherrone then struck Hirsch on the side of her face so hard that she "saw white." Tr. p. 13. Hirsch's sixteen-year-old son, Matthew, was also in the living room and

2

witnessed Cherrone strike Hirsch. After Cherrone hit her, Hirsch took a cordless phone, and she and Matthew retreated to her bedroom to call 911.

Officer Rodriguez of the St. Joseph County Police Department responded to the call. When he arrived at the apartment, Cherrone, Hirsch, and Matthew were all present. Officer Rodriguez observed that Hirsch's face was red and that she was visibly upset.

On January 10, 2013, the State charged Cherrone with Class A misdemeanor domestic battery. A bench trial was held on April 16, 2013. The trial court found Cherrone guilty as charged. On April 23, 2013, the trial court sentenced Cherrone to 365 days, with credit for twenty-four days served and 317 days suspended to probation.

Cherrone now appeals.

**Discussion and Decision**

Cherrone argues that the evidence presented by the State was not sufficient to support his conviction for Class A misdemeanor domestic battery. In reviewing a challenge to sufficiency of the evidence, we do not "reweigh the evidence or judge the credibility of the witnesses"; rather, we respect the trier of fact's "'exclusive province to weigh conflicting evidence.'" McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (quoting Alkhalidi v. State, 753 N.E.2d 625, 627 (Ind. 2001)). We "consider only the probative evidence and reasonable inferences" supporting the judgment and "affirm 'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'" Id. (quoting Tobar v. State, 740 N.E.2d 109, 111-12 (Ind. 2000)).

Indiana Code section 35-42-2-1.3 provides:

3

A person who knowingly or intentionally touches an individual who:
>    (1) is or was a spouse of the other person;
>    (2) is or was living as if a spouse of the other person as provided in subsection (c); or
>    (3) has a child in common with the other person; in a rude, insolent, or angry manner that results in bodily injury to the person described in subdivision (1), (2), or (3) commits domestic battery, a Class A misdemeanor.

Cherrone argues that the State failed to provide sufficient evidence that Cherrone and Hirsch were living together "as if spouses" at the time of the alleged battery. He asserts that "[t]here was no evidence of an ongoing romantic relationship" and points to the fact that Hirsch and Cherrone were not sharing a bedroom at the time. He also emphasizes his testimony at trial that he was in the process of moving out of the apartment at the time of the incident. Appellant's Br. at 7-8.

The State, however, presented evidence that Cherrone and Hirsch lived together, had been involved in an intimate relationship with each other for four years, and had had a commitment ceremony. Hirsch also testified that she and Cherrone were financially interdependent, sharing household expenses and rent payments. Under our highly deferential standard of review, this was sufficient evidence to prove that Cherrone and Hirsch were living "as if spouse." Therefore, Cherrone committed Class A misdemeanor battery. See Ind. Code § 35-42-2-1.3.

Affirmed.

BRADFORD, J., and PYLE, J., concur.

4