**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 17 2014, 8:53 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL C. BORSCHEL**
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOMINIC JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1403-CR-125 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt Eisgruber, Judge
The Honorable Steven Rubick, Magistrate
Cause No. 49G01-1202-FC-8949

**October 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Dominic Johnson appeals his convictions for auto theft and resisting law enforcement, asking whether the State offered sufficient evidence to identify Johnson as the perpetrator of the charged offenses. Concluding there was sufficient evidence to convict Johnson, we affirm.

## Facts and Procedural History

On the morning of February 8, 2012, Sabrina Wisdom started her grey minivan and left it unoccupied in her driveway so that it could warm up before she drove her daughter to the bus stop. Upon returning outside, Wisdom discovered that her vehicle was no longer parked in the driveway, and she promptly called the police.

Shortly after, Indianapolis Metropolitan Police Department ("IMPD") Officer Michael Darst responded to a dispatch regarding the stolen minivan and spotted a vehicle matching its description in an area not far from Wisdom's residence. Officer Darst observed two black males in the minivan and saw that the minivan's license plate matched the one in the earlier dispatch. Officer Darst followed the minivan, which in turn sped up. Officer Darst then activated his emergency lights and sirens, but the minivan did not yield. Eventually, the minivan slid off the road and crashed into a stop sign and a fence.

When the vehicle crashed, Officer Darst stopped his cruiser approximately five feet behind the minivan to prevent it from backing out. The driver and passenger of the minivan got out of the vehicle. The passenger surrendered, but despite the officer's command to stop, the driver fled on foot heading south through a nearby home's

backyard. Officer Darst detained the passenger and radioed for assistance in apprehending the driver.

Officer John Archer, a member of IMPD's K-9 unit, and his German Shepard, Tarzan, arrived on the scene in response to Officer Darst's request for assistance. Tarzan is a patrol dog that is trained to track people and search for narcotics. Officer Archer headed south with Tarzan in the direction the minivan's driver had fled, following a track of footprints left in the snow by the suspect. Officer Archer continued south through several yards until the dog took him around the side of a house. Officer Archer saw a man on the street and asked whether he had seen a black male run through the area. The man told Officer Archer that he had seen a black man run behind the house. Officer Archer proceeded around the back of that house, where he could see footprints leading to the back door. At this point, Tarzan became excited and lifted his head, indicating that the person whom the officers were tracking was nearby.

Officer Archer opened the back door and gave two warnings stating that he was coming inside and intended to release the dog. Officer Archer entered the house and found a black man, later identified as Johnson, lying on the floor under a blanket. It appeared to Officer Archer that Johnson was pretending to be asleep. On the floor near Johnson were a pair of wet shoes and a jacket. Officer Darst was called to the house and verified that Johnson was the person who fled from the stolen minivan.

On February 9, 2012, the State charged Johnson with auto theft, a Class C felony; resisting law enforcement, a Class D felony; and resisting law enforcement, a Class A misdemeanor. The State also alleged Johnson was an habitual offender. Following a

bench trial, the trial court concluded Johnson was guilty of all four counts, and the trial court merged Johnson's misdemeanor resisting law enforcement conviction into his felony resisting law enforcement conviction. Johnson received an aggregate sentence of four years. This appeal followed.

## Discussion and Decision

### I. Standard of Review

When reviewing a defendant's claim of insufficient evidence, the appellate court will neither reweigh the evidence nor judge the credibility of the witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (citation omitted). We consider only the probative evidence and reasonable inferences supporting the verdict, and we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

### II. Sufficiency of Evidence

Johnson argues on appeal that the State did not offer sufficient evidence to support his convictions. Johnson concedes that the charged offenses occurred, see Brief of Appellant at 7, but he argues the State failed to prove his identity beyond a reasonable doubt. In other words, Johnson contends the State did not establish that he was the person who committed the charged offenses. "As with other sufficiency matters, we will not weigh the evidence or resolve questions of credibility when determining whether the identification evidence is sufficient to sustain a conviction. Rather, we examine the

evidence and the reasonable inferences therefrom that support the verdict." Gleaves v. State, 859 N.E.2d 766, 770 (Ind. Ct. App. 2007).

A lion's share of Johnson's argument on appeal is devoted to the proposition that Officer Darst's identification of Johnson—shortly after the crime and at trial—is unreliable. In support, he relies on our supreme court's decision in Swigeart v. State, 749 N.E.2d 540 (Ind. 2001). Johnson's argument fundamentally misunderstands the Swigeart decision. Swigeart concerns whether due process requires the exclusion of an in-court identification after the court has determined an impermissibly suggestive pre-trial identification must be suppressed; it does not relate to whether a witness's testimony is sufficient to establish a defendant's identity beyond a reasonable doubt. See id. at 544. At trial, Johnson did not object to Officer Darst's testimony regarding his on-scene, pre-trial identification of Johnson or the in-court identification. Therefore, Swigeart is inapplicable to this case. And to the extent Johnson believes the Swigeart factors[1] permit us to reweigh the value and credibility of Officer Darst's testimony, Johnson is mistaken.

There was sufficient evidence to identify Johnson as the culprit. Officer Darst testified at trial that he parked only five feet behind the minivan and was able to see

---

[1]  The court in Swigeart identified nine factors used to decide whether a witness has a sufficiently independent basis for an in-court identification. The factors include:

> [t]he amount of time the witness was in the presence of the defendant; the distance between the two; the lighting conditions; the witness' degree of attention to the defendant; the witness' capacity for observation; the witness' opportunity to perceive particular characteristics of the perpetrator; the accuracy of any prior description of the perpetrator by the witness; the witness' level of certainty at the pretrial identification; and the length of time between the crime and the identification.

Swigeart, 749 N.E.2d at 544. The balancing of those factors determines whether the in-court identification will be excluded. Johnson's brief analyzes those factors in an attempt to convince us that Johnson's trial testimony was unreliable.

Johnson's face as he exited the vehicle and fled. Officer Darst positively identified Johnson less than an hour later, and again at Johnson's trial. Additionally, Officer Archer and his canine partner tracked Johnson from the stolen vehicle's crash-site, and a bystander informed Officer Archer that he witnessed a black man running behind the house where Johnson was found. Furthermore, Johnson's wet shoes and jacket were lying near him on the floor, creating the inference that Johnson had only recently come in from the snow. These facts are sufficient for a reasonable trier of fact to find Johnson was the person who committed the acts of auto theft and resisting law enforcement.

## Conclusion

Concluding there was sufficient evidence to support Johnson's convictions, we affirm.

Affirmed.

BAKER, J., and KIRSCH, J., concur.