**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 06 2014, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN TANDY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1403-CR-139 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Bradley Keffer, Judge Pro-Tempore
Cause No. 49F09-1305-FD-34482

**November 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Kevin Tandy appeals his conviction for operating a vehicle while intoxicated, raising the following issue for our review: whether there was sufficient evidence of intoxication to sustain Tandy's conviction. Concluding the evidence was sufficient, we affirm.

## Facts and Procedural History

The evidence most favorable to Tandy's conviction is that on the evening of May 25, 2013, Tandy met some friends at a local pub for dinner and an evening of drinking. Tandy arrived at the pub around 9 p.m. and left sometime near 1 a.m. During that span of time, he consumed at least two beers and one shot of liquor. Tandy left the bar alone, intending to drive to a friend's apartment.

Officer Robert Cole noticed Tandy driving down the road in the opposite direction and believed that Tandy may have been speeding. Unable to get a speed reading with his radar gun, Officer Cole made a U-turn and proceeded to follow Tandy. Officer Cole watched Tandy dart between two cars and change lanes without signaling. Based on that conduct, Officer Cole initiated a traffic stop.

When Officer Cole approached Tandy, he smelled alcohol on Tandy's breath. Officer Cole also noticed a slight slur to Tandy's speech and that his eyes were bloodshot. After requesting Tandy's driver's license, Officer Cole administered a portable breath test, which indicated the presence of alcohol. Officer Cole then had Tandy complete three field sobriety tests: the one-leg stand, the walk-and-turn, and the

horizontal gaze nystagmus.[1]  Officer Cole then informed Tandy regarding Indiana's Implied Consent Law, and the officer escorted Tandy to the police station to administer a chemical breath test.  Tandy registered a blood alcohol content of 0.09.

The State charged Tandy with Count 1, operating a vehicle while intoxicated, a Class A misdemeanor; Count 2, operating a vehicle with a blood alcohol content greater than 0.08, a Class C misdemeanor; Count 3, operating a vehicle while intoxicated, a Class D felony; and Count 4, operating a vehicle with a blood alcohol content greater than 0.08, a Class D felony.[2]  Following a bench trial, Tandy was found guilty of all four counts. The trial court vacated Counts 2 and 4, suspended Tandy's driver's license for one year, and sentenced him to 545 days to be split between home detention and probation.  This appeal followed.

Discussion and Decision

I.  Standard of Review

When reviewing a defendant's claim of insufficient evidence, the reviewing court will neither reweigh the evidence nor judge the credibility of the witnesses, and we must respect the trier of fact's ability to weigh conflicting evidence.  McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005).  We consider only the probative evidence and reasonable inferences therefrom supporting the verdict.  Id.  And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a

---

[1] According to Officer Cole's trial testimony, Tandy failed each of the three field sobriety tests.  However, the officer's testimony is rather conclusory.  Aside from stating Tandy put out his hands (but did not lose his balance) during the one-leg stand, Officer Cole did not indicate how Tandy failed the field sobriety tests.

[2] Counts 3 and 4 were charged as Class D felonies because Tandy had a prior conviction for operating a vehicle while intoxicated.  See Ind. Code § 9-30-5-3(a) (2013).

reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (citation omitted).

## II. Sufficiency of Evidence

A person commits the offense of operating a vehicle while intoxicated as a Class A misdemeanor if he "operates a vehicle while intoxicated . . . in a manner that endangers a person." Ind. Code § 9-30-5-2. Indiana law defines "intoxicated" as "under the influence of . . . alcohol . . . so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code § 9-13-2-86(1). "The State need not present separate proof of impairment of action, impairment of thought, and loss of control of faculties to establish an individual's intoxication." Woodson v. State, 966 N.E.2d 135, 142 (Ind. Ct. App. 2012), trans. denied. Impairment may be established by evidence of "(1) the consumption of significant amount of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech." Id. In addition, an alcohol concentration of at least eight-hundredths (0.08) gram of alcohol per two hundred ten liters of a person's breath constitutes prima facie evidence of intoxication. Ind. Code § 9-13-2-131(2).

Tandy contends the State did not present sufficient evidence of intoxication to sustain his convictions. Tandy relies on the trial testimony of three friends who saw or spoke to Tandy on the evening of his arrest. He also points to testimony given by the arresting officer, indicating that Tandy did not lose his balance while performing the one-

leg stand. Unfortunately, Tandy's arguments on appeal are simply a request that we reweigh the evidence presented at his bench trial, which, of course, we cannot do.

There was sufficient evidence indicating that Tandy was intoxicated. According to Officer Cole's testimony, he observed that Tandy exhibited several indicators of intoxication, including the odor of alcohol, glassy and bloodshot eyes, and slightly slurred speech. And perhaps most importantly, a chemical breath test showed that Tandy's blood alcohol content was 0.09, which is prima facie evidence of intoxication. While Tandy certainly offered evidence contradicting the State's assertion that he was impaired, the trial court was within its right to weigh any conflicting evidence and make the conclusion that it did. Therefore, we must conclude there was sufficient evidence of intoxication and affirm Tandy's convictions.[3]

## Conclusion

Concluding there was sufficient evidence to sustain Tandy's convictions for operating a vehicle while intoxicated, we affirm.

Affirmed.

BAKER, J., and KIRSCH, J., concur.

---

[3] The State argues that the positive result of the portable breath test offered to Tandy is further proof supporting Tandy's convictions. We remind the State that portable breath test results are not admissible at trial. See, e.g., State v. Whitney, 889 N.E.2d 823, 828 (Ind. Ct. App. 2008); see also Ind. Code § 9-30-6-5 and 260 Ind. Admin. Code 2-1-1 et seq.

5