## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 23 2016, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John E. Gray,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

September 23, 2016

Court of Appeals Case No.
02A03-1603-CR-708

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D05-1409-F6-224

**Baker, Judge.**

John Gray appeals his conviction for Level 5 Felony Battery,[1] arguing that there is insufficient evidence supporting the conviction. Finding the evidence sufficient, we affirm.

# Facts

On July 16, 2014, Gray, Robert Bentz, and Don Taflinger were in the garage of Taflinger's Fort Wayne house. Bentz was planning to sell some tools to buyers who had arranged to come by the garage. Meanwhile, Gray was working on a bicycle and listening to music.

Bentz asked Gray to turn the volume down on the CD player. Gray responded, "I'll turn that mother f\*\*ker down," and smashed the CD player. Tr. p. 133. Gray then turned to Bentz and shoved him backwards. Bentz's arm became entangled in the legs of the stool on which he was sitting, and as he hit the ground, his left wrist fractured. Bentz stood up and began running.

Gray followed Bentz, and as Bentz attempted to call the police on his cell phone, Gray grabbed a hammer and yelled, "You call the police you mother f\*\*ker and I'll kill you, you son of a b\*\*ch, I'll crack your f\*\*king skull." *Id.* at 137. Gray caught up to Bentz and pushed him to the ground again, which caused Bentz's wrist to fracture a second time. Bentz was able to get up and keep running, and as he ran he called the police.

---

[1] Ind. Code § 35-42-2-1.

As a result of this attack, Bentz incurred a severely broken wrist that required surgery; two damaged vertebrae, which will also require surgery to repair; a large bruise on his left leg; a large bruise in the middle of his back; bruises on his arms; and severe pain that was ongoing at the time of the trial.

On September 17, 2014, the State charged Gray with criminal recklessness, a Level 6 felony, and misdemeanor battery, a class A misdemeanor. The State later amended the battery charge to allege a Level 5 felony battery.

After a February 3, 2016, trial, a jury found Gray guilty of felony battery but not guilty of criminal recklessness. On March 4, 2016, the trial court sentenced Gray to five years, with three years executed and two years suspended to probation. Gray now appeals.

## Discussion and Decision

Gray argues that there is insufficient evidence supporting his conviction. When reviewing a claim of insufficient evidence, we do not reweigh the evidence, nor do we judge the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and the reasonable inferences drawn therefrom that support the verdict. *Id.*

In order to convict Gray of Level 5 felony battery, the State was required to prove beyond a reasonable doubt that Gray knowingly or intentionally touched Bentz in a rude, insolent, or angry manner that resulted in serious bodily injury to Bentz. I.C. § 35-42-2-1. The parties stipulated that Bentz's injuries constituted serious bodily injuries. State's Ex. 11.

[10]     In this case, the jury heard the testimony of Bentz, who recounted Gray's battery in detail. Bentz's testimony, that Gray "turned on me and shoved me over backwards," tr. p. 133, alone would be sufficient evidence from which the jury could conclude beyond a reasonable doubt that Gray knowingly touched Bentz in a rude, insolent, or angry manner. Further, Taflinger also testified and told the jury that Gray shoved Bentz. Finally, the jury saw photographs of Bentz's extensive injuries, which are circumstantial evidence of Gray's guilt.[2]

[11]     In sum, there is a wealth of direct and circumstantial evidence supporting Gray's conviction for Level 5 felony battery, and his arguments to the contrary are unavailing.

[12]     The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.

---

[2] Gray makes reference to the incredible dubiosity rule in his appeal. However, as our Supreme Court has instructed us to only apply that doctrine "where a *sole witness* presents inherently contradictory testimony . . . and there is a *complete lack of circumstantial evidence* of the appellant's guilt," *Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015) (emphases original), the doctrine does not apply to this case, which involves the presence of a second witness and circumstantial evidence.