## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2017, 6:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa Crawford, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 28, 2017 <br><br> Court of Appeals Case No. 49A02-1608-CR-1786 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Amy M. Jones, Judge <br><br> Trial Court Cause No. 49G08-1511-CM-41824 |

**Mathias, Judge.**

[1]     Lisa Crawford ("Crawford") was convicted in Marion Superior Court of Class A misdemeanor driving while suspended, Class A misdemeanor leaving the

scene of an accident causing bodily injury, and Class B misdemeanor false informing. On appeal, Crawford claims that the State presented insufficient evidence to support her convictions for leaving the scene of an accident and false informing.

[2] We affirm.

## Facts and Procedural History

[3] On November 23, 2015, Roi Dawes ("Dawes") was driving a truck for his employer, Trucker's 24 Hour Road Service. Dawes left the company's location on Holt Road in Indianapolis to pick up parts. Shortly after he left, his truck was hit in the rear by another vehicle, a Chevrolet S-10 pickup truck. This truck did not stop at the scene of the accident; instead, the driver of the truck backed up, drove around Dawes's truck, and drove away down Farnsworth Street.

[4] Dawes decided to pursue the S-10 and followed the truck for ten to fifteen blocks. At this point, the driver of the S-10 made a left turn, quickly stopped, jumped out of the truck, and ran away. The driver of the S-10 ran down an nearby alley. Dawes briefly gave chase and saw the driver's face for a few seconds when she turned to look behind her, but he quickly decided the better option was to call the police. Dawes described the driver of the S-10 as a "late twenties, early thirty year old white female, [with] red hair." Tr. p. 7.

[5] Indianapolis Police Department ("IMPD") Officer David Janicijevic ("Officer Janicijevic") responded to Dawes's call and interviewed Dawes at the scene where the driver of the S-10 had abandoned her truck. Dawes informed him of

the accident and gave him a description of the driver. Officer Janicijevic ran a license plate check on the abandoned truck, which revealed that the truck was registered to Crawford and that Crawford's license was suspended.

[6] In the meantime, IMPD received a call from Crawford, who claimed that her Chevrolet S-10 pickup truck had been stolen from a local restaurant. However, the officers who responded to Crawford's call could not find anyone who could corroborate Crawford's claim that her truck had been stolen from the restaurant. The police told Crawford to go to the scene where her truck had been found abandoned. When she arrived, Dawes identified her as the woman he had seen fleeing from the vehicle. The police then arrested Crawford.

[7] The following day, the State charged Crawford with Class A misdemeanor driving while suspended, Class A misdemeanor fleeing the scene of an accident causing bodily injury, and Class B misdemeanor false informing. A bench trial was held on July 12, 2016. At the trial, Dawes again identified Crawford as the woman who had been driving the truck that hit his vehicle. Officer Janicijevic testified that Dawes identified Crawford at the scene. The State also presented Crawford's driving record, which confirmed that her driver's license was suspended on the date of the accident. Crawford testified on her own behalf and repeated her claim that her truck had been stolen and that she reported this to the police even though she knew that her license was suspended.

[8] The trial court determined that Crawford's testimony was not credible and found her guilty as charged. The court sentenced Crawford to 363 days on the

conviction for driving while suspended, with all 363 days suspended to probation; a concurrent 363-day sentence on the conviction for leaving the scene of an accident, again with all 363 days suspended to probation; and a consecutive 180-day sentence on the conviction for false informing, with all 180 days suspended and ninety days on probation. Crawford now appeals.

## Discussion and Decision

[9] On appeal, Crawford presents one issue for our review, namely whether the State presented evidence sufficient to establish that she was the person driving her pickup truck at the time it hit Dawes's truck and then fled the scene.[1] Our standard of review on claims of insufficient evidence is well settled but bears repeating:

> When reviewing a claim that the evidence is insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. We consider only the probative evidence supporting the [judgment] and any reasonable inferences which may be drawn from this evidence. We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.

---

[1] Crawford admits that the evidence was sufficient to convict her of driving while suspended. Appellant's Br. p. 10.

*Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied* (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)).

[10]     Crawford claims that Dawes's testimony identifying her as the driver of the S-10 pickup truck should not be credited because Dawes saw the driver for only a short time and saw her face for only a few seconds. She also argues that Dawes's identification was flawed because it was based on an improperly suggestive showup instead of a more controlled photographic lineup. However, Crawford does not challenge the admissibility of Dawes's identification; she claims only that the identification evidence was insufficient to prove that she was the one who was driving the S-10 at the time of the accident.

[11]     It has long been held that the uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal. *Scott v. State*, 871 N.E.2d 341, 343-44 (Ind. Ct. App. 2007). If the identification evidence of the witness is unequivocal, the identification does not need to be supported by other circumstantial evidence. *Id.* at 344. However, if the identification is equivocal, then the identification must be supported by circumstantial evidence. *Id.*

[12]     Here, Dawes's identification of Crawford was unequivocal. He clearly testified that the person he saw run from the truck was Crawford "or her twin." Tr. p. 8. At no time did he back away from his testimony that Crawford was the individual he saw. Even if Dawes's identification testimony were equivocal, his identification was further supported by the fact that the S-10 was registered to

Crawford, who, at the time of the offense, was a twenty-eight-year-old white female with red hair,[2] matching the description of the person Dawes saw.[3]

[13] The trial court was well within its role as the trier of fact to credit the eyewitness testimony of Dawes and to reject Crawford's self-serving testimony. Thus, the evidence favorable to the trial court's judgement, and the reasonable inferences that can be drawn from this evidence, were sufficient to establish beyond a reasonable doubt that Crawford was driving her truck at the time she rear-ended the truck driven by Dawes. *See Gorman v. State*, 968 N.E.2d 845, 848 (Ind. Ct. App. 2012) (holding that testimony of single eyewitness was sufficient to support defendant's conviction for robbery where witness stated that she was "one hundred percent certain" that defendant was the one who robbed her and her friend).

[14] Affirmed.

Baker, J., and Pyle, J., concur.

---

[2] We recognize that Crawford's driving record indicates that her hair is brown. Ex. Vol., State's Ex. 1, p. 1. However, the evidence at trial indicates that her hair was red. Immediately after describing Crawford as having red hair, Dawes identified her in court as the same red-haired individual he saw fleeing the truck. Tr. pp. 7-8. Officer Janicijevic also testified that Crawford had red hair. Tr. p. 28.

[3] Crawford claims that her testimony that her truck was stolen should be credited because her report to the police of her stolen truck would expose her to a charge of driving while suspended. However, while reporting her truck stolen might have exposed her to a charge of driving while suspended, it also provided her with a defense to the charge of fleeing the scene of an accident. The trial court was not required to credit her testimony.