## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 27 2019, 10:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Ellen M. O'Connor
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew F. Kite
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shaquille Hollingsworth,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 27, 2019

Court of Appeals Case No.
18A-CR-2173

Appeal from the Marion Superior Court

The Honorable Jeffrey L. Marchal, Magistrate

Trial Court Cause No.
49G06-1805-F4-15382

**Mathias, Judge.**

[1] Following a bench trial in Marion Superior Court, Shaquille Hollingsworth ("Hollingsworth") was convicted of Level 4 felony burglary, Level 6 felony

theft of a firearm, Class A misdemeanor carrying a handgun without a license, and Class A resisting law enforcement. Hollingsworth appeals and argues that the evidence is insufficient to support his convictions for burglary and theft.

[2] We affirm.

## Facts and Procedural History

[3] On the afternoon of May 9, 2018, Rex Stanley ("Stanley") was watching television with his wife in his home in Indianapolis when he looked out of his window and saw two men get out of a white Dodge Durango and walk down the street. One of the men was wearing a gray hooded sweatshirt, and the other, later identified as Hollingsworth, was wearing a red shirt and carrying a black backpack. Stanley then sat down to watch television. A few minutes later, he and his wife heard dogs barking outside. Stanley looked out a window in the rear of his home and saw two men, who had the same appearance and clothing as the ones who had gotten out of the Durango, kick in the door of a neighboring home owned by James Allen ("Allen"). Stanley telephoned the police and went outside to investigate. While outside, he saw the two men inside his neighbor's home. Stanley went back inside his home and later saw the two men reenter the white Durango and leave.

[4] Officer Eric Snowden ("Officer Snowden") was on patrol when he received a dispatch regarding the suspected burglary and soon saw a white Durango, which matched the description of the one seen leaving the scene, parked at a nearby convenience store. Officer Snowden saw two men enter the vehicle, one

of whom was wearing a red shirt and had a black bookbag. After the two men got in the vehicle, they left the convenience store lot and drove away. Officer Snowden followed the Durango until backup could arrive, then pulled the vehicle over.

[5] After the vehicle stopped, the two men Officer Snowden had just seen enter the vehicle opened the doors, got out, and ran away. Officer Snowden exited his patrol car, identified himself as a police officer, and ordered the men to stop to no avail. Officer Snowden chased the men on foot, but the two men split up as they fled. Officer Snowden followed the man with the red shirt and black bookbag, i.e., Hollingsworth.

[6] Hollingsworth briefly evaded Officer Snowden, but a resident of a nearby home informed Officer Snowden that the man he had been chasing was hiding under a car parked in a neighboring driveway. Officer Snowden then took Hollingsworth into custody, but Hollingsworth no longer had the bookbag. Officer Snowden advised Hollingsworth of his *Miranda* rights and asked Hollingsworth about the bag. Hollingsworth claimed that he had given the bookbag to his brother. After Hollingsworth had been placed in a jail wagon, Officer Snowden searched for the bookbag. Another resident of the neighborhood told Officer Snowden that the bookbag was located on the roof of a carport[1] attached to a neighboring house. Officer Snowden borrowed a ladder

---

[1] Officer Snowden described the carport as a "garage," but the photograph taken shows a carport.

from a neighbor and retrieved the bookbag. When he opened the partially opened bag, Officer Snowden saw the barrel of a handgun and ammunition magazines. Evidence technician Officer Larry Giordano ("Officer Giordano") arrived and took custody of the bookbag. Inside the bag, Officer Giordano found, among other things, two Smith and Wesson handguns and five ammunition magazines. Subsequent testing revealed that Hollingsworth's fingerprint was on one of the ammunition magazines.

[7] When Allen, the owner of the burglarized home, returned to his house, he saw that his back door was standing open, the lock was still extended, and the door frame was broken. Inside, the home had been ransacked, and two Smith and Wesson handguns and five ammunition magazines had been stolen. Allen identified the handguns and ammunition found in the bookbag as the ones missing from his home.

[8] On May 14, 2018, the State charged Hollingsworth with Level 4 felony burglary, Level 6 felony theft of a firearm, Class A misdemeanor carrying a handgun without a license, and Class A resisting law enforcement. A bench trial was held on July 25, 2018, at the conclusion of which the court found Hollingsworth guilty as charged. At a sentencing hearing held on August 9, 2018, the trial court declined to enter a judgment of conviction on the count of carrying a handgun without a license due to double jeopardy concerns. The trial court found the aggravators and mitigators to be in equipoise and imposed the advisory term of six years of incarceration on the burglary conviction, and

concurrent terms of one year on the theft conviction and 180 days on the resisting law enforcement conviction. Hollingsworth now appeals.

# Discussion and Decision

[9] Hollingsworth argues that the State failed to present evidence sufficient to support his convictions for burglary and theft. Our standard of review on claims of insufficient evidence is well settled:

> When reviewing a claim that the evidence is insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. We consider only the probative evidence supporting the [judgment] and any reasonable inferences which may be drawn from this evidence. We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.

*Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied* (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)).

[10] To convict Hollingsworth of Level 4 felony burglary, the State was required to prove that he broke and entered into Allen's dwelling with the intent to commit a felony or theft therein. *See* Appellant's App. p. 19; Ind. Code § 35-43-2-1(1). And to convict Hollingsworth of Level 6 felony theft of a firearm, the State was required to prove that he knowingly exerted unauthorized control over a firearm belonging to Allen with the intent to deprive Allen of any part of the use

or value of the firearm. *See* Appellant's App. p. 19; Ind. Code § 35-43-4-2(a)(1)(B).

[11]  Hollingsworth does not challenge that the State established that two men broke into Allen's home and stole the firearms. Instead, he argues that the State presented insufficient evidence to establish that he was one of the two men who were seen committing the burglary. We disagree.

[12]  As detailed above, Allen's neighbor, Stanley, saw two men get out of a white Durango, one of whom was wearing a red shirt and carrying a bookbag. He later saw these two men kick in his neighbor's door. Stanley went outside and saw the men rummaging around Allen's house, and later saw them reenter the Durango. Shortly thereafter, Officer Snowden saw two men enter a white Durango, one of whom matched the description of one of the burglars, i.e., a red shirt and a bookbag. When Officer Snowden pulled over the Durango, the man in the red shirt and black bookbag ran away. Officer Snowden soon found Hollingsworth, wearing a red shirt, hiding underneath a car. Hollingsworth claimed to have given the bag he had been carrying to his brother, but the bag was soon found on the roof of a nearby carport. The bag contained the handguns and magazines stolen from Allen's home, and Hollingsworth's fingerprint was found on one of the magazines.

[13]  From these facts and circumstances, the trial court could readily conclude that Hollingsworth was one of the two men who exited the Durango, kicked in the door to Allen's home, stole the handguns and magazines, and fled from the

police. In other words, the State presented sufficient evidence to prove beyond a reasonable doubt that Hollingsworth broke and entered into Allen's home with the intent to commit a felony or theft therein and that he knowingly exerted unauthorized control over Allen's firearm with the intent to deprive him of any part of the use or value thereof.

## Conclusion

[14] Hollingsworth's argument that he was not involved in the burglary and that he was just in the Durango as a passenger is merely a request that we consider facts not favorable to the trial court's verdict, reweigh the evidence, and come to a conclusion other than that reached by the trial court. But this is not within our prerogative as an appellate court. We therefore affirm the judgment of the trial court.

[15] Affirmed.

Vaidik, C.J., and Crone, J., concur.