Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2014, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| LARRY WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1405-CR-356 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary Miller, Judge
Cause No. 49G21-1403-CM-11126

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Larry White appeals his conviction in a bench trial of Invasion of Privacy as a Class A misdemeanor.

We affirm.

## ISSUE

The sole issue for our review is whether there is sufficient evidence to support White's conviction.

## FACTS AND PROCEDURAL HISTORY

In July 2013, the Marion Superior Court issued an Ex Parte Order for Protection enjoining White from having contact with Sheila Jackson. Indianapolis Metropolitan Police Officer Matthew Earley served White with the protective order in August 2013. Officer Earley explained the contents of the order to White and informed him the order would not expire until July 2015.

In March 2014, Indianapolis Metropolitan Police Officer Justin Henry was dispatched to Jackson's residence. When Officer Henry arrived at the residence, he saw White walk across Jackson's front yard. In White's presence, Jackson told the officer the police were contacted regarding White's violation of the protective order. White did not question the validity of the protective order at that time. Officer Henry arrested White, who was charged with Invasion of Privacy and Trespass.

At trial, White testified that he did not know he was violating a protective order that day because Jackson told him the protective order had been dismissed. The trial court convicted White of Invasion of Privacy. White appeals.

2

## DISCUSSION AND DECISION

White argues that there is insufficient evidence to support his conviction. In reviewing a trial court's judgment for sufficiency of the evidence, this Court will affirm the decision of the trial court if the probative evidence and reasonable inferences to be drawn therefrom could allow a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). On appeal, we do not reweigh the evidence or judge the credibility of witnesses. *Fields v. State*, 679 N.E.2d 898, 900 (Ind. 1997). Rather, we look only to the evidence and reasonable inferences supporting the judgment to determine whether the trier of fact could reasonably reach the conclusion. *Id.* If there is substantial evidence of probative value supporting a conviction, this Court will not set the judgment aside. *Id.*

To convict White of Invasion of Privacy, the State had to prove that White knowingly or intentionally violated a protective order. *See* Indiana Code § 35-46-1-15.1 (2010). White's sole contention is that he did not knowingly violate the protective order because he believed it was no longer in place. However, our review of the evidence reveals that Officer Earley explained the contents and expiration date of the order to White. Before the order expired, White returned to Jackson's house, and the police were called. When Officer Henry arrived, in White's presence, Jackson told him that the police were called regarding White's violation of the protective order. White did not question the validity of the protective order at that time.

White's argument that he did not knowingly violate the order because he believed it was no longer in place is nothing more than an invitation for us to reweigh the evidence,

3

which we cannot do. *See Fields*, 679 N.E.2d at 900. There is sufficient evidence to support White's conviction.[1]

Affirmed.

RILEY, J., and KIRSCH, J., concur.

---

[1] White's reliance on *Tharp v. State*, 942 N.E.2d 814 (Ind. 2011), is misplaced. There, the Indiana Supreme Court reversed Tharp's Invasion of Privacy conviction because Tharp had not received adequate notice of the protective order. Here, Officer Early notified White about the protective order and explained its terms shortly after it was issued. There is no notice issue in this case.