## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 12 2015, 10:15 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry Cameron,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 12, 2015

Court of Appeals Case No.
49A02-1407-CR-505

Appeal from the Marion Superior Court
The Honorable David Cook, Judge
Cause No. 49F07-1311-CM-73790

**Robb, Judge.**

## Case Summary and Issue

[1] Following a bench trial, Larry Cameron was found guilty of resisting law enforcement, a Class A misdemeanor. Cameron appeals, raising one issue for

our review: whether Cameron committed resisting law enforcement when he fled a building during the execution of a search warrant and continued to run despite an officer's order to stop. Concluding law enforcement had authority to detain Cameron and that there was sufficient evidence to support his conviction, we affirm.

# Facts and Procedural History

On November 13, 2013, Indianapolis Metropolitan Police Officer Miguel Roa assisted the police vice team in executing a search warrant on a residence in which the police suspected illegal gambling took place. When police announced their presence at the front door and entered the residence, Officer Roa, who was standing along the side of the house, saw several persons run from the back exit. Cameron was among the individuals who ran out the back door. Officer Roa chased after Cameron, yelling for him to stop and identifying himself as a police officer. Officer Roa pursued Cameron the length of two house lots before Cameron stopped running. Cameron claimed he did not hear the officer yelling at him to stop.

The State charged Cameron with resisting law enforcement by fleeing, a Class A misdemeanor, and unlawful gambling, a Class B misdemeanor. Following a bench trial, the court found Cameron not guilty of unlawful gambling but guilty of resisting law enforcement. The trial court imposed a one-year sentence, with two days credit and 363 days suspended to probation. Cameron was also

ordered to complete forty-eight hours of community service. This appeal followed.

# Discussion and Decision

## I. Standard of Review

When reviewing a defendant's claim of insufficient evidence, the reviewing court will neither reweigh the evidence nor judge the credibility of the witnesses, and we must respect the trier of fact's ability to weigh conflicting evidence. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences therefrom supporting the verdict. *Id.* And we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* (citation omitted).

## II. Cameron's Duty to Stop

A person commits resisting law enforcement by fleeing as a Class A misdemeanor if he "knowingly or intentionally . . . flees from a law enforcement officer after the officer has, by visible or audible means, . . . identified himself or herself and ordered the person to stop." Ind. Code § 35-44.1-3-1(a)(3). Cameron argues that the evidence is insufficient to convict him of resisting law enforcement because he did not have a duty to stop and Officer Roa did not have authority to detain him.

Just last year, our supreme court resolved a conflict between Indiana Court of Appeals' decisions as to whether an officer's order to stop must be lawful in order to sustain a conviction under Indiana's resisting law enforcement statute. *See generally Gaddie v. State*, 10 N.E.3d 1249 (Ind. 2014). The court's decision in *Gaddie* focused on rights guaranteed by the Fourth Amendment, which states "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

The Fourth Amendment requires that a law enforcement officer must have at least a minimal level of objective justification for detaining an individual— namely, reasonable suspicion, if not probable cause. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). "[W]hen an officer, without reasonable suspicion or probable cause, approaches an individual, the individual has a right to ignore the police and go about his business." *Id.* at 125. With those constitutional principles in mind, our supreme court reasoned that "[i]f a citizen's freedom to walk away is deemed a criminal offense merely because it follows an officer's command to halt—even in the absence of probable cause or reasonable suspicion—then the citizen's freedom is restrained contrary to the protections of the Fourth Amendment." *Gaddie*, 10 N.E.3d at 1254. Accordingly, the court held that "[t]o avoid conflict with the Fourth Amendment, Indiana Code section 35–44.1–3–1(a)(3) . . . must be construed to require that a law enforcement officer's order to stop be based on reasonable suspicion or probable cause." *Id.* at 1256.

[8] Cameron contends that he had no duty to stop when ordered to do so by Officer Roa. He claims that there was no evidence that he had committed a crime and that Officer Roa did not have reasonable suspicion to believe that he was involved in any sort of criminal activity. We disagree. Officer Roa was aware that the residence being searched was suspected of hosting illegal gambling activity, and he witnessed Cameron flee from the back door of that residence at the same moment that police officers announced themselves and entered to execute a search warrant. We believe that at that moment there were "specific and articulable facts," *Terry v. Ohio*, 392 U.S. 1, 21 (1968), giving rise to reasonable suspicion justifying Officer Roa's order for Cameron to stop.

[9] Even if Officer Roa did not have reasonable suspicion to believe Cameron was involved in criminal activity, his conviction for resisting law enforcement by fleeing would still be appropriate under the circumstances. Although *Gaddie*'s holding specifically made reference to a requirement for "reasonable suspicion or probable cause," it is quite clear that the decision was meant to prevent convictions that offend Fourth Amendment principles. 10 N.E.3d at 1256. "[A] warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705 (1981) (footnotes omitted); *see also Bailey v. United States*, 133 S.Ct.1031, 1037-38 (2013) ("The rule in *Summers* . . . does not require law enforcement to have particular suspicion that an individual is involved in criminal activity or poses a specific danger to the officers."). Here, Cameron was an occupant of a building

being subjected to the execution of a valid search warrant. As such, Officer Roa's detention of Cameron—with or without particularized reasonable suspicion—would not run afoul of Fourth Amendment protections. Therefore, Cameron had a duty to stop when ordered, and there was sufficient evidence to support his conviction for resisting law enforcement by fleeing.

# Conclusion

[10] Concluding law enforcement had authority to detain Cameron during the execution of a search warrant and that there was sufficient evidence to support his conviction, we affirm.

[11] Affirmed.

Bailey, J., and Brown, J., concur.