# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 26 2019, 6:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Anne Medlin Lowe
James A. Piatt
Riley Williams & Piatt, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Michael Vo Sherman
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Angel Renee Campbell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 26, 2019

Court of Appeals Case No.
19A-CR-217

Appeal from the
Hamilton Superior Court

The Honorable
S. Matthew Cook, Judge Pro Tempore

Trial Court Cause No.
29D05-1802-CM-1516

**Kirsch, Judge.**

Angel Renee Campbell ("Campbell") appeals her conviction for theft and raises one issue, which we restate as: whether there was sufficient evidence to support her conviction as an accomplice to theft as a Class A misdemeanor.[1] We affirm.

## Facts and Procedural History

On December 11, 2017, Jamie Byers ("Byers"), an employee of the Noblesville Ace Hardware ("the store"), was working at the store's cash register. *Tr. Vol. 2* at 11. Campbell entered the store, approached Byers at the cash register, and inquired about paint supplies. *Id.* at 11-12. Byers answered Campbell's questions and directed Campbell to the paint aisle. *Id.* Campbell returned to the cash register and told Byers that she could not find the items she wanted. *Id.* Byers left the cash register, returned to the paint aisle, and helped Campbell find what she wanted. *Id.* When Byers returned to the cash register, she saw that several Yeti drinking products near the front of the store were missing, so she notified the store manager, Corey Musolf ("Musolf"). *Id.* at 13. Musolf viewed security camera footage to confirm that items were taken before he contacted the Noblesville Police Department. *Id.* at 20. The camera footage showed Campbell walking into the store with a man, who was later identified as Edward May ("May"), Campbell's former husband. *Id.* at 20, 26. Campbell and May were holding hands. *Id.* at 23. Campbell and May walked to the

---

[1] *See* Ind. Code § 35-43-4-2(a).

paint aisle, and Campbell then walked to the cash register to pull Byers away from the register while May took Yeti cups and then left the store. *Id.* at 20.

[3] The State charged Campbell with theft as a Class A misdemeanor. *Appellant's App. Vol. II* at 3, 10. At the end of the bench trial, the trial court found Campbell guilty as charged and sentenced her to one year in the Hamilton County Jail, suspended to probation. *Tr. Vol. 2* at 42-43. Campbell now appeals.

## Discussion and Decision

[4] Campbell argues that the evidence was insufficient to show that she was an accomplice in helping May commit theft as a Class A misdemeanor. When we review the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Rather, we will affirm a conviction if we find that any reasonable factfinder could find a defendant guilty beyond a reasonable doubt when considering all the facts and inferences that favor the conviction. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). The evidence need not exclude every reasonable hypothesis of innocence, but it must support a reasonable inference of guilt to support the verdict. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

[5] "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class A misdemeanor." Ind. Code § 35-43-4-2(a). An accomplice is any person who knowingly or intentionally aids,

induces, or causes another to commit an offense.  Ind. Code § 35-41-2-4. Factors to determine whether a person is an accomplice include (1) presence at the scene of the crime; (2) companionship with another at the scene of the crime; (3) failure to oppose the commission of the crime; and (4) course of conduct before, during, and after the crime.  *Castillo v. State*, 974 N.E.2d 458, 466 (Ind. 2012).  The evidence need not show that the individual participated in every element of the crime.  *Hart*, 30 N.E.3d 1283, 1288 (Ind. Ct. App. 2015). Rather,

> [t]here must be evidence [of] affirmative conduct, either in the form of acts or words, from which an inference of a common design or purpose to effect the commission of a crime may be reasonably drawn.  Each participant must knowingly or intentionally associate himself with the criminal venture, participate in it, and try to make it succeed.  That said, the State need not show that [the accomplice] was a party to the preconceived scheme; it must merely demonstrate concerted action or participation in an illegal act.

*Griffin v. State,* 16 N.E.3d 997, 1003 (Ind. Ct. App. 2014) (internal citations omitted).

[6]     Here, the circumstantial evidence allowed the trial court to reasonably infer that Campbell acted as an accomplice to May in his theft of  merchandise from the store.  First, it is undisputed that Campbell was at the scene of the crime with May.  *Tr. Vol. 2* at 12; *Castillo*, 974 N.E.2d at 466.  Second, Campbell and May were companions at the scene, evinced by their entry into the store while holding hands.  *Tr. Vol. 2* at 20; *Castillo*, 974 N.E.2d at 466.  The only time they

were not together was when Campbell asked Byers to accompany her to the paint aisle of the store while May went to the front of the store and took the items. *Tr. Vol. 2* at 20, 35. Third, May and Campbell acted in concert. *Castillo*, 974 N.E.2d at 466. After they separated inside the store, Campbell distracted Byers by luring her into the paint aisle. *Tr. Vol. 2* at 12, 20. Once Byers was distracted, May went to the front of the store and concealed merchandise in his jacket. *Id.* at 20. After May concealed the merchandise, he exited the store, and Campbell left soon after without purchasing anything. *Id.* at 13, 30. These facts make clear that Campbell had the requisite *mens rea* to be convicted as an accomplice to Class A misdemeanor theft. *See* I.C. 35-41-2-4 ("A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense[.]").

Affirmed.

Baker, J., and Crone, J., concur.