## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2020, 8:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Arturo Rodriguez II
Rodriguez Law, P.C.
Lafayette, Indiana

Jeffrey W. Elftman
Erik J. May
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Corey R. Rhoton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 12, 2020

Court of Appeals Case No.
19A-CR-2851

Appeal from the Clinton Circuit Court

The Honorable Bradley K. Mohler, Judge

Trial Court Cause No.
12C01-1711-F1-1226

**Mathias, Judge.**

[1] Corey R. Rhoton ("Rhoton") was convicted in Clinton Circuit Court of ten counts of child molesting. Rhoton appeals his convictions on counts five and

six, challenging the sufficiency of the evidence. Rhoton also argues that the trial court abused its discretion when it denied his motion to sever the charges and conduct separate trials for each victim.

[2] We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] In August 2012, Rhoton lived with his girlfriend, N.H., her three children, and Rhoton's child. N.H.'s oldest child, H.C., was born in 2003, and her child M.C. was born in 2005. In 2013, the family moved to a house on Sullivan Street in Frankfort, Indiana. Shortly thereafter, N.H. became pregnant. In March 2014, Rhoton and N.H. were married, and their child was born in August 2014. In 2014, the family moved to a home on South Street where they lived until 2017. In 2017, the family moved to a home on Clay Street.

[4] After the family moved to the Sullivan Street home, Rhoton began molesting H.C. and M.C. Rhoton played a "game" with the girls where he sat them in chairs and blindfolded them with items of clothing. He told the girls he was going to put a toy bowling pin covered in condiments in their mouths and he wanted them to guess which condiment he had used. Rhoton covered his penis in condiments and put his penis in the blindfolded girls' mouths. He instructed them not to bite down and to use their tongues to guess which condiment he had used.

[5] Both girls knew that the object Rhoton placed in their mouths was not the toy bowling pin but did not initially know that Rhoton was placing his penis in their mouths. Tr. Vol. 2 pp. 142, 185. A "couple of time[s]" after they began playing the "game," H.C.'s blindfold shifted, and she saw that Rhoton was putting his penis in her mouth. *Id.* at 142. On one occasion, M.C. lifted up her blindfold while Rhoton was playing the "game" with H.C. and saw his shorts pulled down below his knees. *Id.* at 187.

[6] Rhoton made the girls play this "game" multiple times while N.H. was at work. H.C. testified that they only played the "game" while they lived at the Sullivan Street house. *Id.* at 143. H.C. also testified that on one occasion while they lived in the Sullivan Street house, Rhoton sat her on the couch, blindfolded her, and put his penis in her mouth. *Id.* at 146–47.

[7] H.C. testified that when they lived in the South Street house, Rhoton played a different "game" with them. *Id.* at 144. He forced the girls to stand on the other side of a door or curtain and reach around the door or curtain with one hand. Rhoton would then place his penis in the child's hand. Rhoton played this "game" with H.C. and M.C. multiple times. Rhoton gave the girls money or other items after he molested them. M.C. testified that this "game" happened to her at both the Sullivan and South Street homes. *Id.* at 192. M.C. also stated that it occurred one time at the Clay Street house.

[8] In September 2017, the girls told N.H. that Rhoton was molesting them. On November 13, 2017, Rhoton was charged with Class A felony child molesting,

Class C felony child molesting, Level 1 felony child molesting, and two counts of Level 4 felony child molesting against both H.C. and M.C. for a total of ten counts. In Counts 5 and 6, the State alleged:

### Count 5

[B]etween January 1, 2015 and December 31, 2016 in Clinton County, State of Indiana, Corey Ryan Rhoton, a person of at least twenty-one (21) years of age, did submit to other sexual conduct as defined in Indiana Code Section 35-31.5-2-221.5 with H.C., a child under the age of fourteen years (14), to-wit: 11-13 years old[.]

### Count 6

[B]etween January 1, 2015 and December 31, 2016 in Clinton County, State of Indiana, Corey Ryan Rhoton, a person of at least twenty-one (21) years of age, did submit to other sexual conduct as defined in Indiana Code Section 35-31.5-2-221.5 with M.C., a child under the age of fourteen years (14), to-wit: 9-11 years old[.]

Appellant's Confidential App. pp. 19–20.

[9] Prior to trial, Rhoton filed a motion to sever the charges requesting that he be tried separately for the offenses relating to each victim. The trial court denied his motion. Rhoton's jury trial commenced on August 26, 2019. During trial, Rhoton renewed his motion to sever, which the trial court denied. Rhoton also requested a directed verdict on Counts 5 and 6, which the trial court denied. Rhoton was found guilty of all ten counts of child molesting.

Rhoton's sentencing hearing was held on November 4, 2019. The trial court ordered Rhoton to serve an aggregate sixty-four-year sentence with sixty years executed and four years suspended to probation. Rhoton now appeals.

## Sufficient Evidence

First, Rhoton argues that the State failed to present sufficient evidence to convict him of Counts 5 and 6. Upon review of a challenge to the sufficiency of the evidence to support a criminal conviction, we respect the fact-finder's exclusive province to weigh conflicting evidence. *Miller v. State*, 106 N.E.3d 1067, 1073 (Ind. Ct. App. 2018) (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)), *trans. denied*. We therefore neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* Instead, we consider only the probative evidence and reasonable inferences supporting the judgment. *Id.*

In its closing argument, the State alleged that it proved Counts 5 and 6 by establishing that between January 1, 2015, and December 31, 2016, Rhoton placed his penis in H.C.'s and M.C.'s mouths.[1] Tr. Vol. 3, pp. 39–40. The State argued that the family was living at the house on South Street when the molestation occurred. *Id.* at 40. Rhoton contends that the State only proved that

[1] The allegations in Counts 5 and 6 were identical to those in Counts 1 and 2 except for the ages of the victims and dates when the offenses occurred. To prove Counts 1 and 2, the State established that Rhoton placed his penis in H.C.'s and M.C.'s mouths between the dates of January 1, 2012 and December 31, 2014, when the family lived at the Sullivan Street house. Rhoton does not challenge the sufficiency of the evidence for his convictions on Counts 1 and 2.

he placed his penis in H.C.'s and M.C.'s mouth when the family lived in the Sullivan Street house between 2013 and 2014.

[13] Rhoton acknowledges that generally time is not of the essence to prove the crime of child molesting, and the State is not required to prove the offense was committed on a precise date. *Blount v. State*, 22 N.E.3d 559, 569 (Ind. 2014); *Gaby v. State*, 949 N.E.2d 870, 876 (Ind. Ct. App. 2011); *see also* Ind. Code § 35-34-1-2(a)(5) (a charging information must only state "the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense."). Understandably, given Rhoton's repeated acts of molestation and the victims' young ages when the offenses occurred, H.C. and M.C. could not recall the specific dates that Rhoton molested them.

[14] Therefore, as it examined the victims, the State focused on the residence where the family lived to establish the dates the offenses were committed. And the State established the time frames during which the family lived at each residence. Tr. Vol. 2, pp. 91–94. The State argued that it proved the charges that Rhoton placed his penis in H.C.'s and M.C.'s mouths at both the Sullivan Street house where the family lived in 2013 and 2014 (as alleged in Counts 1 and 2) and the South Street house where they lived in 2015 and 2016 (as alleged in Counts 5 and 6).

[15] After reviewing the record, we agree with Rhoton that both H.C. and M.C. testified that the "guessing game" with condiments occurred only at the

Sullivan Street house.[2] H.C. stated that Rhoton only played the "guessing game" with them at the first two-story home the family lived in, i.e. the Sullivan Street house.[3] Tr. Vol. 2 p. 143. M.C. testified that she only remembers Rhoton making her play the "guessing game" once and that it occurred at the Sullivan Street house. *Id.* at 190–92, 198. For this reason, we conclude that Rhoton's Level 1 felony child molesting convictions arising from Counts 5 and 6 are not supported by the evidence.

## Motion to Sever

[16] Rhoton also argues that the trial court abused its discretion when it denied his motion to sever. Indiana Code Section 35-34-1-9(a) provides in relevant part:

> Two (2) or more offenses may be joined in the same indictment
> or information, with each offense stated in a separate count,
> when the offenses:

[2] With regard to Count 5, the State argues that the jury was instructed that the offense occurred between January 1, 2012 and December 31, 2016, the State proved that Rhoton put his penis in H.C.'s mouth multiple times between these dates, and Rhoton did not object to the variance between the charging information and the instruction. Appellee's Br. at 10 (citing Tr. Vol. 3, pp. 21, 53). After reviewing the record, we conclude that the trial court either misspoke when it tendered the final instruction to the jury or the trial court's instruction was improperly transcribed. The trial court's preliminary instruction to the jury matches the language of the charging information. Tr. Vol. 2, p. 51. And the State never moved to amend the charging information to conform to the evidence. Moreover, during its closing argument with regard to Count 5, the State argued that Rhoton committed the offense while the family lived at the South Street house in 2015 and 2016. Tr. Vol. 3, p. 40.

[3] H.C. also testified that Rhoton put his penis in her mouth on one occasion while she sat on the couch in the living room. Tr. Vol. 2, p. 146. That molestation also occurred at the Sullivan Street house where the family lived in 2013 and 2014. *Id.*

> (1) are of the same or similar character, even if not part of a single scheme or plan; or
>
> (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Subsection 9(a)(1) refers to the nature of the charged offenses, and subsection 9(a)(2) refers to the operative facts underlying those charges. *Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015). Where offenses have been joined because the defendant's underlying acts are connected together or constitute parts of a single scheme or plan, we review the trial court's decision on severance for an abuse of discretion.[4] *Id. at* 1264.

[17] When a defendant files a motion for severance, the trial court

> shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
>
> > (1) the number of offenses charged;
> >
> > (2) the complexity of the evidence to be offered; and

---

[4] Rhoton does not argue that he was entitled to severance as a matter of right. Appellant's Br. at 13; *see also* Ind. Code § 35-34-1-11 (explaining that the defendant shall have the right to severance of the offenses "[w]henever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character[.]).”

> (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

Ind. Code § 35-34-1-11.

[18]  Rhoton claims that severance was warranted because the "complexity of the evidence arises from the span of years, number of residences and separate victims." Appellant's Br. at 13. And "prejudices arises upon consideration of these elements and the Jury's return of guilty verdicts for Count 5 and 6 . . . when no evidence existed as to the commission of an offense during the time periods" alleged in those charges. *Id.*

[19]  The evidence presented in this case was straightforward except with regard to the timing of Rhoton's offenses. The State mostly relied on H.C.'s and M.C.'s testimonies to prove the charged offenses. Rhoton was charged with five offenses against each victim. Rhoton committed the same or similar offenses against both victims. Rhoton molested the girls with his "guessing game" when they were together in the kitchen. And he often used H.C. or M.C. to summon the other child when he molested them with the "behind-the-door" game. H.C.'s and M.C.'s testimonies were not complex and were inextricably intertwined.

[20]  The State's evidence with regard to the timing of Rhoton's offenses was marginally confusing because H.C. and M.C. were unable to testify to the precise dates that Rhoton molested them. The State relied on N.H.'s testimony to establish where the family lived during the time periods when the molestations occurred. The State then asked H.C. and M.C. to describe the

home where they lived when Rhoton committed the molestation to establish the approximate dates of the offenses.

[21] We cannot conclude that the evidence in this case was so complex that the jury was unable to distinguish the evidence and apply the law intelligently as to each offense. Moreover, because we vacate his convictions on Counts 5 and 6, we need not address Rhoton's claim that he was prejudiced because the jury was "unable to distinguish the evidence and incorrectly enter[ed] guilty verdicts for" Counts 5 and 6. *See* Reply Br. at 7. For all these reasons, we conclude the trial court did not abuse its discretion when it denied Rhoton's motion for severance. *Cf. Pierce*, 29 N.E.3d at 1267 (concluding that the defendant was not entitled to severance because his criminal acts were sufficiently connected together).

## Conclusion

[22] The trial court acted within its discretion when it denied Rhoton's motion for severance. However, the State failed to present sufficient evidence to prove that Rhoton committed Level 1 felony child molesting as charged in Counts 5 and 6. We reverse his Level 1 felony child molesting convictions, and remand this case to the trial court to vacate its entry of judgment on Counts 5 and 6 and resentence Rhoton accordingly.

[23] Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Riley, J., and Tavitas, J., concur.